Colón, Recurrente, *v.* El Registrador de Arecibo, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Arecibo sobre inscripción de una escritura de venta con defectos subsanables.

No. 230.—Resuelto en mayo 28, 1915.

Inscripción de Título—Legalidad del Título—Capacidad de los Otorgantes—Documentos Acompañados con los Títulos.—Según el artículo 18 de la Ley Hipotecaria, los registradores calificarán bajo su responsabilidad la legalidad de las escrituras en cuya virtud se solicite la inscripción y la capacidad de los otorgantes por lo que resulte de las mismas escrituras. En el presente caso el registrador recurrido, para dar cumplimiento a dicho artículo, debió atender no solamente al título de compraventa que le fué presentado para su inscripción, sino también a los poderes que acompañaron a ese título.

Id.—Circunstancias Personales—Poderes.—No es necesario que las circunstancias personales de un vendedor representado por un apoderado consten en el título presentado al registrador para su inscripción, cuando constan en el poder acompañado con el mismo, por ser este documento parte integrante de aquél.

Poderes—Circunstancias Personales—Ley Notarial—Instrucciones Generales Sobre la Manera de Redactar Documentos Públicos Sujetos a Registro.—Cuando en el poder constan las circunstancias personales del vendedor, huelga repetirlas en el título otorgado por el poderado, pues basta que el notario dé cumplimiento a la sección 16 de la ley para regular el ejercicio de la profesión notarial, de 8 de marzo, 1906, y al artículo 2°. de la ins-

trucción general sobre la manera de redactar los documentos públicos suje-
tos a registro, de 16 de julio de 1879, dando fe de la edad, estado, profe-
sión y vecindad de los comparecientes.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Eduardo Marín Marién.*

El registrador recurrido Sr. José Marcial López, compareció en nombre propio.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Por escritura pública otorgada en la ciudad de Utuado a 6 de julio de 1914 ante el Notario Eduardo Marín Marién, Leopoldo B. Strube como apoderado especial de los esposos Edward Maurer y Ellena Agatha Way Maurer, vendió a José Colón Serrano una finca rústica con cabida de 28 cuerdas de terreno radicada en el barrio de Tetuán, término municipal de dicha ciudad, según se describe en dicho documento; y presentado éste en el Registro de la Propiedad de Arecibo en unión de los poderes otorgados por los referidos esposos a favor de Strube, fué inscrito por medio de nota que literalmente dice así:

"Inscrito este documento al folio 220 del tomo 74 de Utuado, finca número 2636, inscripción 7ª., con el defecto subsanable de no consignarse en el mismo, la edad, profesión y vecindad de los cónyuges vendedores Edward Maurer y Ellena Agatha Way Maurer. Arecibo 26 abril, 1915. José Marcial López, Registrador."

La nota transcrita está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto por José Colón Serrano y la única cuestión legal a discutir en el presente recurso en si existe o nó el defecto subsanable invocado por el registrador.

En el poder otorgado por Edward Maurer se consigna ser de 48 años de edad, natural de la República de Suiza, de estado casado, vecino del pueblo de Dunellen, estado de New Jersey, comerciante, dando fe el notario de conocerlo personalmente; y en el poder otorgado por la esposa Ellena Agatha Way Maurer, se expresa que es mayor de edad, ca-

sada y de la misma vecindad que su esposo, dando también fe de conocerla personalmente el Comisionado de Documentos ante quien se otorgó dicho poder.

En la escritura de venta de que se trata no se insertaron esos poderes, pero se hizo referencia a los mismos manifestándose que el apoderado Leopoldo B. Strube es soltero, mayor de edad, agricultor y vecino de Arecibo.

No existe el defecto que como subsanable fué apuntado por el Registrador de la Propiedad de Arecibo.

Según el artículo 18 de la Ley Hipotecaria, los registradores calificarán bajo su responsabilidad la legalidad de las escrituras en cuya virtud se solicite la inscripción, y la capacidad de los otorgantes por lo que resulta de las mismas escrituras; y por tanto, el registrador para la calificación hecha ha debido atender no solamente al título de compraventa que le fué presentado sino también a los poderes que acompañaron a ese título. Para calificar el título tenía forzosamente que calificar los poderes, los que estimó bastantes, como lo demuestra el hecho de no haber opuesto a los mismos reparo alguno, subsanable o insubsanable.

Las circunstancias personales de los vendedores representados por Strube no constan en el título de compraventa, pero constando en los poderes acompañados a ese título, no era necesario que se hicieran constar también en éste, pues esos poderes eran parte integrante del documento que había de inscribirse.

Pero es que los comparecientes en la escritura de compraventa son Leopoldo B. Strube, en concepto de apoderado de los cónyuges vendedores, y el comprador José Colón Serrano, y se dió cumplimiento por el notario a la Sección 16 de la Ley para regular el ejercicio de la profesión notarial en Puerto Rico de 8 de marzo, 1906, y aun al artículo 2º. de la instrucción general sobre la manera de redactar los documentos públicos sujetos a registro, de 16 de julio, 1879, dando fe el notario como lo hizo, de la edad, estado, profesión y vecindad de los comparecientes, pues en los poderes ya se

habían expresado esas mismas condiciones personales con relación a los esposos vendedores y holgaba repetirlas.

Por las razones expuestas es de revocarse la nota recurrida en cuanto al defecto subsanable en ella consignado.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.