GONZÁLEZ, RECURRENTE, *v.* EL REGISTRADOR DE HUMACAO, RECURRIDO.

RECURSO gubernativo contra nota del Registrador Sustituto de la Propiedad de Humacao, denegando la inscripción de una escritura de venta judicial.

No. 264.—Resuelto en mayo 5, 1916.

CALIFICACIÓN DE DOCUMENTOS—RESOLUCIONES JUDICIALES—REGISTRADORES DE LA PROPIEDAD—FACULTADES DE LOS REGISTRADORES—JURISDICCIÓN.—Los registradores de la propiedad tienen facultades para calificar las resoluciones de los tribunales que se le presenten para su inscripción, pero esa facultad no se extiende hasta permitirles apreciar la justicia o injusticia intrínseca de las mismas. Está limitada dicha facultad a un examen de la naturaleza de la resolución, la acción y el procedimiento, y considerar si el tribunal actuó con jurisdicción.

RECURSOS GUBERNATIVOS—CUESTIONES NO RESUELTAS POR EL REGISTRADOR.—En un recurso gubernativo la Corte Suprema no considerará cuestión alguna que, aunque aparezca de los autos, no fué resuelta por el registrador en su nota.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José López del Valle.*

El registrador sustituto, Sr. Francisco González, no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON emitió la opinión del tribunal.

En un pleito seguido en la Corte de Distrito de Huma-

cao por la mercantil A. López y Ca. contra la Sucesión de Tulio Carrión, compuesta de María García y sus hijos José, Herminio, Laura, Ana María, Providencia, Antonio, Tulio, Dolores y Adela Carrión y García, fué embargada una finca que aparecía inscrita a nombre de Doña María García, habiendo sido anotado el embargo en el registro de la propiedad. Con posterioridad a esto fué también inscrito otro embargo hecho por M. Lomba y Cía. Ultimamente dos abogados, uno de los cuales alegaba representar a estas dos mercantiles, y el otro en representación de otros varios acreedores que también habían establecido acciones, aceptaron a nombre de sus respectivos clientes una hipoteca sobre la misma finca que fué otorgada por el dueño de ella con título inscrito. En el documento se hacía mención de ciertos litigios pendientes y de las respectivas sumas envueltas; hacían referencia a una transacción a la cual se dice que llegaron, que tenía por objeto conceder al demandado en dicho litigio, o sea a la mercantil deudora Sucesión Carrión, representada por su socio gestor José Carrión, "un plazo de un año para el pago de las cantidades debidas y reclamadas," y hacer asimismo una rebaja a dicha deudora del cincuenta por ciento de sus créditos, "debiendo pagarse el cincuenta por ciento restante en la fecha mencionada devengando las cantidades adeudadas el interés del uno por ciento mensual pagadero por meses vencidos." La hipoteca fué otorgada "para garantizar las obligaciones contraídas por la mercantil demandada," y fué inscrita solamente en cuanto a los derechos de un número de los acreedores conjuntamente mencionados en la inscripción entre los cuales no fué incluída la mercantil de López & Cía. En tanto aparece del expediente de donde han sido tomados estos datos, no hizo ninguna referencia bien en lo que respecta a los embargos ya inscritos o acerca de algún convenio para la cancelación de cualesquiera anotaciones en el registro, o de alguna renuncia expresa de derecho por virtud de los mismos. Por el contrario, no solamente no han sido cancelados ninguno de los

dos embargos en el registro, sino que expresamente se les menciona como gravámenes existentes sobre la finca, tanto en la inscripción de la hipoteca como en todas las subsiguientes inscripciones, incluyendo aquella de que se hace referencia en las dos notas que han sido apeladas.

El registrador al inscribir la hipoteca también llama la atención hacia el hecho de no constar las respectivas residencias de las diferentes mercantiles acreedoras.

La finca fué adquirida *pendente lite,* por Arturo Aponte, Jr., e inscrita a su nombre.

Algunos meses después del otorgamiento y antes del vencimiento de la mencionada hipoteca la demandante A. López & Cía. obtuvo una sentencia a su favor y la finca fué vendida en ejecución al recurrente Manuel R. González. Aponte fué notificado de la venta y su nombre aparece entre los licitadores que estuvieron presentes.

Posteriormente el juez de la corte de distrito dictó una resolución haciendo constar la compra hecha por Aponte, la inscripción a su nombre, y el aviso que se le dió de la venta, ordenando al registrador de la propiedad que procediera a cancelar la inscripción hecha a favor del expresado Aponte, "así como cualquiera otra inscripción o anotación hecha o extendida después del embargo de los demandantes A. López & Cía."

El registrador sustituto se negó a inscribir la escritura otorgada por el márshal y a cumplir con lo dispuesto en la orden a que acabamos de hacer referencia, por las razones consignadas en sus dos notas denegatorias, la primera puesta al dorso de una copia certificada de dicha orden, y la segunda, a la escritura del márshal, en la forma siguiente:

"DENEGADA la inscripción de la cancelación a que se contrae el precedente documento, con vista de un testimonio de la sentencia recaída en la acción de A. López y Compañía contra la sucesión de Tulio Carrión, con vista también de una solicitud adicional firmada por J. López del Valle como abogado de Don Manuel Rodríguez Gon-

zález, y de otra certificación de fecha 22 de diciembre último firmada por el secretario ·de la corte de este distrito creditiva de que es firme la orden de la misma corte en que se ordena la expresada cancelación, por el defecto de que del registro resulta que la acción de los demandantes A. López y Compañía en cuya virtud se remató la finca, quedó *transada y pagada* su deuda mediante la hipoteca que sobre la misma finca se constituyó a favor de dichos demandantes por el cincuenta por ciento de su crédito de $1,049.65, según así consta de la inscripción 3ª. de la finca número 1096, al folio 158 del tomo 25 de Humacao; y en su lugar se ha tomado la anotación por 120 días que dispone la ley, en el tomo 38 de Humacao al fol. 139 vto., finca No. 1096 duplicado, anotación letra *c.* Humacao, P. R., enero 7 de 1916.

"DENEGADA la inscripción del presente ·documento porque según la inscripción 3ª. de la finca No. 1096 que es la misma objeto de esta escritura, la deuda de A. López & Cía. que sirvió de fundamento para la acción en la cual se remató la finca quedó *cancelada* por la escritura No. 95 otorgada el 7 de diciembre de 1914 ante el notario Don Juan B. Huyke, por la cual se constituyó una hipoteca a favor de dichos A. López y Compañía en pago de su crédito; y además porque la finca hoy aparece inscrita a favor de Don Arturo Aponte, Jr., y no a favor de los demandados, tomándose en su lugar la correspondiente anotación por 120 días, en el tomo 38 de Humacao al folio 141, finca No. 1096 duplicado, anotación letra *d.* Humacao, P. R., 7 de enero de 1916."

En el caso de *Crehore* v. *El Registrador de la Propiedad,* 22 D. P. R. 640, este tribunal, por conducto del Juez Asociado Sr. Aldrey, se expresó en estos términos:

"Aun cuando la facultad que el artículo 18 de la Ley Hipotecaria concede a los registradores para calificar los documentos judiciales que se les presentan para surtir efecto en el registro no se extiende hasta apreciar la justicia o injusticia intrínseca de las resoluciones de los tribunales, según hemos declarado repetidas veces, sin embargo, los autoriza para examinar la naturaleza del mandato, del juicio en que se dictó, del procedimiento y si el juez tenía jurisdicción. Véase *Fernández* v. *El Registrador,* 17 D. P. R. 1062."

Véanse también los casos de *Ortiz* v. *El Registrador,* 22 D. P. R. 339; *Pietri* v. *El Registrador,* 22 D. P. R. 729; *Dumas* v. *El Registrador,* 22 D. P. R. 291; *Machuca* v. *El Registrador,* 22 D. P. R. 755.

No puede haber ninguna duda de la facultad y autoridad de la corte en lo que concierne a las partes ante la misma y a la inscripción a favor de Arturo Aponte, Jr. Pueden o no existir razones que no han sido consignadas en las notas que justifiquen la negativa del registrador a cumplir con la orden de la corte, pero intencionalmente nos abstenemos de discutir cualquier cuestión que sugieran los autos y que no haya sido resuelta en primera instancia por el registrador. 2 Galindo, pág. 626.

Las notas recurridas no pueden ser sostenidas por los fundamentos alegados por el registrador sustituto, debiendo ser revocadas.

*Revocadas las notas recurridas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.