Delgado, Recurrente, *v.* El Registrador de Humacao, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Humacao denegando la inscripción de un expediente posesorio.

No. 313.—Resuelto en julio 2, 1917.

Expediente Posesorio—Citación de los Colindantes y del Fiscal—Diligenciamiento de la Citación—Partes en el Procedimiento—Defectos Insubsanables.—Es requisito necesario en todo expediente posesorio que aparezca devuelta al secretario la cédula original librada para la citación de los colindantes y del Fiscal, pues sólo con examen de su diligenciado podrá conocer el juez si fueron los mismos debidamente citados. Artículo 92 del Código de Enjuiciamiento Civil, enmendado por la Ley 70 de 1911. Siendo además faltas que impiden la inscripción del expediente, el que en el diligenciado de la citación no se haga constar que la persona que la practicó no era parte en el procedimiento, ni tampoco el lugar, día y hora en que se llevó a efecto.

Id.—Estado Civil del Promovente—Tiempo de Posesión—Bienes Gananciales.—La falta de expresión en la moción inicial del expediente posesorio y en las declaraciones de los testigos del tiempo que se tiene de posesión, no solo infringe las reglas 4ª. y 5ª. del No. 3 del artículo 391 de la Ley Hipotecaria, sino que hace imposible determinar si la finca tiene el concepto de ganancial con la primera esposa o si fué adquirida en estado de viudez, circunstancias que deben constar en el registro, no siendo suficiente el que se diga en la petición que la compró siendo viudo y que los testigos manifiesten ser cierto cuanto en ella se dice.

Inscripción de Títulos—Asientos de Otras Fincas—Documentos no Considerados al Hacer la Calificación.—El registrador sólo debe tener en cuenta para inscribir o denegar, los documentos que se le presenten y lo que resulte de sus libros en cuanto a la misma finca; pero no lo que conste

en los asientos de otra finca; ni el Tribunal Supremo tiene que considerar, al resolver el recurso, documentos que el registrador no tuvo en cuenta al hacer su calificación.

EXPEDIENTE POSESORIO—APRECIACIÓN DE LA PRUEBA—DEBER DEL REGISTRADOR.— El que no conste del expediente cuya inscripción se pretende que los testigos no presentaron documentos para acreditar su cualidad de propietarios, no es motivo para denegar la inscripción, ni para. estimar siquiera que existe un defecto subsanable, porque habiendo declarado los testigos bajo juramento que son propietarios y habiendo creído · el juez sus declaraciones aprobando la información, tal apreciación debe ser aceptada por el registrador.

ID.—ESTADO CIVIL DEL ANTERIOR DUEÑO—DOMINIO.—No es necesario que en el escrito promoviendo la información se haga constar el estado civil del anterior dueño vendedor para conocer si, siendo casado, verificó la venta con, consentimiento de su consorte, esto es que el promovente adquirió por título capaz de transmitir el dominio, porque tratándose de acreditar y de inscribir únicamente la posesión, éste es el hecho que debe alegar y probar.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Carlos M. Rola.*

El registrador interino recurrido Sr. Francisco Socorro no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Siendo Asunción Delgado casado en segundas nupcias promovió en la Corte Municipal de Fajardo la tramitación de un expediente para acreditar la posesión de un solar que compró siendo viudo y de la casa que en él fabricó. Dictada resolución aprobando la información posesoria y presentado el expediente original en el Registro de la Propiedad de Humacao para su inscripción, el registrador la negó por los siguientes defectos insubsanables:

*Primero:* porque del expediente no aparece devuelta al secretario de la corte municipal la cédula original de citación que ha debido librar dicho funcionario por orden de la corte para la citación de los colindantes y del Fiscal: por no contener la declaración jurada el diligenciamiento de la citación hecha por el abogado del promovente la afirmación de que no es parte en la acción ni el lugar, día y hora en que se hicieron las citaciones.

*Segundo:* porque de la moción inicial no resulta el tiempo que lleva de posesión para poder determinar si la adquisición debe reputarse como bien propio o de la sociedad de gananciales con su primera esposa.

*Tercero:* porque los testigos no contraen sus declaraciones al tiempo que haya durado la posesión, ni acreditaron su cualidad de propietarios con la presentación de documentos.

También consignó el registrador los siguientes defectos subsanables:

*Primero:* el no haber expresado el anterior dueño su estado civil para poder conocer si al vender el inmueble, siendo casado, lo verificó con el consentimiento expreso de su esposa.

*Segundo:* el de no constar certificada la resolución final por el secretario de la corte municipal.

Al establecer Asunción Delgado este recurso contra la negativa de inscripción ha presentado también ciertos documentos inscritos que se refieren a otra finca suya.

En apoyo del primer defecto insubsanable cita en su nota el registrador el artículo 92 del Código de Enjuiciamiento Civil, enmendado por la ley No. 70 de 1911, según el cual la cédula de citación ya sea diligenciada por el márshal o por otra persona deberá ser devuelta con su diligenciamiento al dorso a la oficina del secretario que la expidió. En este caso no figura en el expediente que se trata de inscribir la cédula que debió librar el secretario para la citación de los colindantes y del Fiscal, requisito que es necesario, porque según dijimos en el caso de *Torres & Enseñat* v. *Alfaro,* 24 D. P. R. 734, ante precepto tan terminante es indiscutible que cualquiera que sea quien haga la citación, debe devolver la cédula diligenciada a la oficina del secretario de la corte en los términos prevenidos por la ley, pues sólo con examen del diligenciado del emplazamiento podrá saberse si la corte ha adquirido jurisdicción sobre la persona del demandado; razonamiento que también es aplicable al caso presente pues por la cédula de citación y su diligenciamiento podrá conocer el juez que ha de resolver el

expediente si fueron debidamente citados los colindantes y el Fiscal.

En cuanto a los otros dos fundamentos del primer defecto insubsanable, como en el diligenciado de la citación obrante en el expediente no se hace constar que la persona que lo practicó no era parte en la acción, ni tampoco el lugar, día y hora en que se llevó a efecto, todo lo cual es necesario según declaramos en el caso de *Andino* v. *Knight,* 20 D. P. R. 201, para que el diligenciamiento de la citación pueda considerarse bueno por haberse cumplido con los requisitos legales, debemos declarar que esas faltas impiden la inscripción.

Los defectos segundo y tercero también están bien consignados porque exigiendo las reglas 4ª. y 5ª. del No. 3 del artículo 391 de la Ley Hipotecaria que en el escrito inicial se exprese el tiempo que se lleve de posesión y que los testigos contraigan sus declaraciones al hecho de poseer los bienes en nombre propio el que promueva el expediente y el tiempo que haya durado la posesión, por no contener esos extremos en este caso la petición y las declaraciones de los testigos se ha infringido el artículo y reglas citados y se hace imposible determinar si el solar y la casa de que se trata tienen el concepto de bienes gananciales con la primera esposa, o de privativos del viudo, circunstancias que deben constar en el registro. *Ramos* v. *El Registrador,* 18 D. P. R. 16. 4 Galindo y Escosura, pág. 592, 4ª. Ed. Según la Resolución de la Dirección de los Registros de 18 de mayo de 1877 el no expresarse el tiempo de posesión es defecto que impide la inscripción; y si bien en este caso se dice en la petición que Asunción Delgado compró el solar siendo viudo y que los testigos declararon ser cierto cuanto se dice en la petición, sin embargo esto no es suficiente para cumplir el requisito de la ley pues no sirve para determinar cuanto tiempo lleva de posesión. La cita que del caso de *Carrillo* v. *El Registrador,* 21 D. P. R. 434, hace el recurrente respecto de este particular, no tiene aplicación porque en ese caso fué un solo testigo el que dejó de declarar sobre la po-

sesión del peticionario. También indica el recurrente que la consignación de estos defectos se debe a no recordar el registrador que los documentos que acompaña con el recurso habían sido inscritos por él en su registro.

Esos documentos se refieren a otra finca distinta y el registrador sólo debe tener en cuenta para inscribir o denegar, los documentos que se le presenten y lo que resulte de sus libros en cuanto a la misma finca, por lo que no tenía necesidad de recordar ni de examinar lo que constase en los asientos de otra finca. Nosotros tampoco tenemos que considerar al resolver el recurso documentos que el registrador no tuvo en cuenta al hacer su calificación, pero aparte de todo esto lo único que demuestran dichos documentos es que la madre de la primera esposa del peticionario había renunciado sus derechos como heredera de su hija y que esa renuncia se inscribió en cuanto a otra finca del recurrente, acto que no sirve para determinar si la finca objeto del expediente posesorio pertenece exclusivamente a Asunción Delgado o a la sociedad de gananciales con su primera esposa.

El que no conste del expediente cuya inscripción se pretende que los testigos no presentaron documentos para acreditar su cualidad de propietarios no es motivo para denegar la inscripción, ni para estimar siquiera que existe un defecto subsanable, porque habiendo declarado los testigos bajo juramento que son propietarios y habiendo creído el juez sus declaraciones toda vez que aprobó la información posesoria, es de aplicación el caso de *Ramos* v. *El Registrador, supra,* y la cita que en él se hace de la resolución de la Dirección General de los Registros de España de 8 de marzo de 1892 basada en que la apreciación de la cualidad y circunstancias de los testigos que intervienen en un expediente posesorio está exclusivamente sometida al juez que dirige la información y admite como buenas las declaraciones de aquéllos, a cuyo objeto es árbitro de exigirles los documentos que repute necesarios para dejar acreditadas las condiciones determinantes de idoneidad

legal, y que una vez establecida por el juzgador debe respetarse su condición por el registrador.

De los dos defectos calificados como subsanables sólo uno es materia de recurso, el que se funda en no constar el estado civil del vendedor para conocer si, siendo casado, verificó la venta con consentimiento de su consorte. Tal requisito no es necesario porque tratándose de acreditar y de inscribir únicamente la posesión, este era el hecho que debía alegar y probar, por lo que no tenía que acreditar que la había adquirido por título capaz de transmitir el dominio.

La nota recurrida debe ser confirmada en cuanto esté de acuerdo con esta opinión.

> *Confirmada la nota recurrida en cuanto está de acuerdo con la opinión.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.