VIRELLA, RECURRENTE, *v.* EL REGISTRADOR DE HUMACAO,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Humacao, denegando la inscripción de un expediente posesorio.

No. 328.—Resuelto en julio 27, 1917.

EXPEDIENTE POSESORIO—PAGO DE CONTRIBUCIONES—CONTRIBUCIONES PAGADAS POR EL MARIDO.—Si bien el artículo 391 de la Ley Hipotecaria dispone en su regla 4 que en los expedientes posesorios habrá de acreditarse que el interesado paga contribución a título de dueño, cuando la finca cuya posesión se trata de justificar fué adquirida por la peticionaria siendo casada, las contribuciones que por ella paga el marido, que es el administrador de la sociedad conyugal, se estiman como pagadas también por su consorte; por lo que, con la certificación del Tesorero de que el marido paga las contribuciones puede acreditarse dicho pago por la esposa.

ID.—CALIFICACIÓN DE FUNDAMENTOS DE LA RESOLUCIÓN JUDICIAL.—Si no se demostró en el expediente que el solar de que se trata está comprendido dentro de la finca mayor por la cual paga contribuciones el esposo, es cuestión que no puede ser objeto de investigación y calificación del registrador, porque habiendo el juez declarado justificada la posesión y siendo el pago de la contribución uno de los requisitos para que la declaración puéda ser hecha, sería entrar a calificar la exactitud de los fundamentos de la resolución judicial para lo que no está autorizado el registrador.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Francisco González.*

El registrador recurrido Sr. Francisco G. Descartes, compareció en nombre propio.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Elvira Virella Yong tramitó un expediente posesorio de un solar de 17 metros 55 centímetros de frente por 19 metros 22 centímetros de fondo, radicado en la calle de Alfonso Doce del poblado de la Playa en el barrio de Punta de Santiago del Municipio de Humacao y manifestó en la moción inicial que lo adquirió por compra siendo casada con Demetrio Garófalo y que las contribuciones a él correspondientes están comprendidas en una planilla de otros solares y casas a nombre de su esposo. De una certificación que acompañó librada por el Tesorero de Puerto Rico, aparece que Demetrio Ga-

rófalo es contribuyente por una finca de tres cuerdas sesenta y dos céntimos radicada en el barrio de Punta de Santiago de Humacao.

Declarada por la corte justificada la posesión y ordenada su inscripción en el registro de la propiedad el registrador la denegó cuando se le presentó con tal fin el expediente original por el solo fundamento de que no se ha justificado que la promovente del expediente pague contribuciones a título de dueña, pues de la certificación que presentó sólo resulta que Demetrio Garófalo aparece como contribuyente por una finca mayor y citó el artículo 391 de la Ley Hipotecaria y resoluciones de la Dirección General de los Registros de España.

Contra la negativa de inscripción interpuso Elvira Virella este recurso gubernativo para que la revoquemos y ordenemos la inscripción solicitada.

Si bien el artículo 391 citado dispone en su regla cuarta que en los expedientes posesorios habrá de acreditarse que el interesado paga contribución a título de dueño, entendemos que toda vez que el solar en cuestión fué comprado estando casada la peticionaria con Demetrio Garófalo, por lo que ha de reputarse ese solar como bien ganancial, las contribuciones que por él pague el marido, que es el administrador de la sociedad conyugal, han de estimarse como pagadas también por su consorte y por tanto que con el documento presentado puede justificarse el pago de contribuciones por la esposa.

Si no se demostró en el expediente que el solar en cuestión está comprendido dentro de la finca de trece cuerdas y centavos por la que paga contribución Garófalo, como expone el registrador en su alegato, es cuestión que no puede ser objeto de su investigación y calificación, porque habiendo el juez declarado justificada la posesión y siendo el pago de la contribución uno de los requisitos para que la declaración pueda ser hecha, sería entrar a calificar la exactitud de los fundamentos de la resolución judicial para lo que no está

autorizado el registrador según hemos declarado en los casos de *Ramírez* v. *El Registrador,* 16 D. P. R. 348; *Fernández* v. *El Registrador,* 17 D. P. R. 1061; *Crehore* v. *El Registrador,* 22 D. P. R. 640.

Por las razones expuestas la nota recurrida debe ser revocada y ordenarse la inscripción del expediente.

> *Revocada la nota recurrida y ordenada la inscripción del expediente posesorio de que se trata.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.