JUAN SOLÁ GONZÁLEZ, recurrente, *v.* EL REGISTRADOR DE
LA PROPIEDAD DE CAGUAS, recurrido.

No. 752.—*Sometido:* Marzo 18, 1929. *Resuelto:* Abril 26, 1929.

*A. L. López,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Juan Solá González y su esposa Manuela Flores, siguieron ante la Corte de Distrito de Humacao un pleito, civil No. 11619, contra Isabel Polanco y la Sucesión de José Garrido Farizo, compuesta, por lo que aparece de la relación en los documentos presentados, de Antonio Garrido Bartolomé, Vicenta Farizo y María Puig. El objeto del litigio fué una indemnización de daños y perjuicios.

De las constancias, insertas en copia en la escritura a que este recurso se refiere resulta que en 14 de diciembre de 1927, y a virtud de moción para pronunciamiento de sentencia, y de una estipulación de las partes, hecha constar en

el récord taquigráfico, la corte aprobó la transacción efectuada por las partes, y dictó sentencia, dando por desistida a la parte demandante, por la suma de $1,500 (*sic*) que a esa parte debía pagar el administrador judicial de los bienes del difunto José Garrido Farizo, y además por el usufructo de un solar en la calle de Acosta en Caguas. Firme esa sentencia, los demandantes pidieron y obtuvieron una orden de ejecución, que se copia en la escritura de que se trata aquí, y por la que se dispuso que el Márshal de la Corte de Distrito de Humacao hiciera que se satisfacieran las sumas de $1,500, intereses y costas, en bienes de la propiedad personal del deudor, y si no hubiere propiedad personal bastante, en la real.

Según se dice en la escritura cuya inscripción se intentó, el Márshal procedió a publicar edictos en el periódico "La Democracia," para la venta de los bienes embargados previamente; y en la fecha señalada procedió a la de una casa en Caguas, que se describe en el acta de subasta que se copia en la dicha escritura. Adjudicó la casa a don Juan Solá González y doña Manuela Flores Solá; y otorgó la escritura, por ante el notario Francisco Gonzáles, Jr., en 9 de julio de 1928. Presentada en el registro de la propiedad la primera copia de esa escritura y solicitada su inscripción, el registrador puso la siguiente nota:

"Denegada la inscripción del precedente documento y tomada en su lugar anotación preventiva por el término legal de 120 días, a favor del comprador don Juan Solá González, al folio 126 del tomo 131 de Caguas, finca No. 1013 triplicada, anotación letra 'd,' por observarse que la sentencia que motivó la orden de ejecución fué dictada a virtud de transacción de cierto pleito, no constando del documento si en dicho pleito fueron debidamente emplazados los demandados, y sobre todo siendo una parte demandada la sucesión de José Garrido Farizo, que se dice compuesta de su viuda María Puig y de Antonio Garrido y Vicente Farizo, no hay constancia en el documento que acredite que esas personas constituyeran en la época de la sentencia la sucesión de José Garrido, ni a qué personas se hizo el emplazamiento para poder determinar si la corte actuó con juris-

dicción, y ordenándose por la referida sentencia que por el administrador judicial de los bienes de José Garrido se pagasen los mil quinientos dollars, montante de la sentencia, no consta que haya sido notificada dicha sentencia a dicho administrador judicial para que efectuase el pago, y además, la finca ejecutada no se halla aún inscrita a favor de la sucesión demandada; cuya anotación se practicó con el defecto subsanable de no haber sido aceptado el contrato en forma legal, por no haberse acreditado el carácter de mandatario verbal de don Rufo Reyes, para representar a don Juan Solá González, en el acto del otorgamiento del documento que precede.''

Contra esta nota se ha interpuesto el presente recurso.

Antes de entrar en la consideración de otros motivos, debe hacerse constar que el recurrente expresamente acepta (página 6 de su alegato) la falta de previa inscripción de la finca a favor de los herederos demandados, y la de no haberse aceptado la escritura legalmente.

██ La falta que el registrador encuentra de que de la escritura no consta si en el pleito fueron debidamente emplazados los demandados, no lo es, si a los documentos que en la escritura se insertan, nos atenemos. Resulta de ellos que los herederos de José Garrido Farizo, se hallan ante la corte, por medio de un administrador judicial, quien ha actuado en la transacción. La presunción es la de que la ley ha sido observada y cumplida, y se ha seguido su curso ordinario, en el nombramiento y actuación del administrador. No es necesario que se presente al registro el récord completo de cada caso, y se someta al juicio del registrador la total actuación de la corte. Si de los documentos presentados aparece que la corte actuó fuera de jurisdicción, o que el procedimiento no fué el que la ley determina, el registrador puede denegar la inscripción; pero no hay que olvidar que el artículo 18 de la Ley Hipotecaria no convierte a los registradores en jueces de los jueces; y su texto indica hasta dónde van las facultades del funcionario que preside el registro. La calificación de las escrituras y documentos se hace, como dice el primer párrafo de ese artículo *''por lo que resulte de las mismas escrituras''* (cursivas nuestras).

Y la de documentos judiciales sigue la regla general. En el artículo 65 de la misma Ley Hipotecaria, se definen las faltas como sigue:

"Serán faltas subsanables las que afectan a la validez del mismo título, sin producir necesariamente la nulidad de la obligación en él constituida.

" *     *     *     *     *     *     *

"Serán faltas no subsanables las que produzcan necesariamente la nulidad de la obligación. . . ."

Y aun más claro es el artículo 110 del reglamento:

"Art. 110.—Para distinguir las faltas subsanables de las que no lo sean, y hacer o no en su consecuencia una anotación preventiva, según lo dispuesto en los artículos 65 y 66 de la ley, atenderá el registrador a la validez de la obligación consignada en el título. Si ésta fuese nula por su naturaleza, condiciones, calidad de las personas que la otorguen u otra causa semejante, independiente de su forma extrínseca, se considerará la falta como no subsanable. Si la obligación fuese válida, atendidas las circunstancias dichas, y el defecto estuviese tan sólo en la forma externa del documento que la contenga, y que se pueda reformar o extender de nuevo a voluntad de los interesados en la inscripción, se tendrá por subsanable la falta."

Si la obligación, como aparece del título, es nula, la calificación es la de insubsanable. Pero nótase que ha de aparecer del título. Es distinto el derecho a calificar y denegar la inscripción de lo que aparece por sí nulo, del derecho a dudar, y a solicitar investigaciones en un caso en que del documento presentado no resulta la nulidad.

Estas declaraciones no se hallan en pugna con las que ha hecho este tribunal en otros casos.

En el caso *Colón* v. *Registrador*, 22 D.P.R. 546, este tribunal confirmó la doctrina por la que el registrador debe calificar, en cuanto a legalidad y capacidad, por lo que resulte de las mismas escrituras, atendiendo no sólo a la de compraventa, sino también a los poderes que se le acompañan.

En el caso *González* v. *Registrador*, 23 D.P.R. 806, se es-

tableció el alcance de las facultades del registrador para calificar las resoluciones judiciales, limitándolas al examen de la naturaleza de la resolución, la acción y el procedimiento, y a considerar si el tribunal actuó con jurisdicción; citándose los casos *Crehore* v. *Registrador,* 22 D.P.R. 640, *Ortiz* v. *Registrador,* 22 D.P.R. 339, y otros.

Más aún se limitan esas facultades en las decisiones en *Delgado* v. *Registrador,* 25 D.P.R. 486, y *Virella* v. *Registrador,* 25 D.P.R. 757. En el primero, el registrador en su nota se refirió a que los testigos en un expediente posesorio no acreditaron documentalmente su calidad de propietarios; y este Tribunal declaró, de acuerdo con la Dirección de Registros de España, que la apreciación de la calidad y circunstancias de los testigos es algo que no compete al registrador, sino al juez. Y en el segundo caso se declaró que el registrador no tiene autoridad para calificar los fundamentos de la resolución judicial.

En el caso de *Caballero* v. *Registrador,* 35 D.P.R. 617, si bien se confirmó la nota recurrida, se declaró por este Tribunal que el registrador no tiene facultad para revisar cuestiones de hecho o de derecho resueltas por la corte. Y esta doctrina concuerda con la sentada en el caso *Cintrón* v. *Registrador,* página 805 y siguientes del mismo tomo, en que se sostuvo que la calificación del registrador alcanza a si el juez era o no competente por la materia, naturaleza y efecto de la resolución, y si ésta se dictó en el juicio correspondiente y previos los trámites de ley necesarios para la validez del título.

Tratando esta materia el Sr. Morell, en su obra ''Legislación Hipotecaria,'' tomo 2, página 246, volumen XX, Biblioteca Jurídica de Autores Españoles, dice:

''En las sentencias que son ejecutorias, constando este extremo, no cabe, pues, calificación por los Registradores, debiendo éstos limitarse a cumplirlas, (resoluciones de 8 de junio de 1905, 23 de febrero de 1906, y 30 de abril de 1909) a no tratarse de simples defectos de forma o de obstáculos que nazcan del Registro (resolucio-

nes de 20 de octubre de 1899 y 5 de julio de 1900 y sentencia de 23 de julio de 1914)."

Parece que lo que se cita como sentencia de 23 de julio de 1914, es una resolución de la Dirección General de Registros, en la que se determina que en cuanto a providencias que tengan carácter de ejecutorias, no es permitido a los registradores calificar los fundamentos de las mismas, aunque sí examinar la naturaleza del procedimiento y oponer los obstáculos que provengan del registro en cuanto a terceros.

Por estas razones estimamos que la nota del registrador, en cuanto se refiere a que no consta del pleito el debido emplazamiento de unos demandados que, según las constancias de la escritura están ante la corte, y en cuanto a que del documento no conste que esas personas constituyen la sucesión de José Garrido, debe revocarse.

Es cierto que del documento no aparece que el administrador haya sido notificado de la sentencia. Pero es también cierto que del mandamiento aparece que la sentencia es firme, lo que no puede ocurrir sin que haya precedido la notificación a las partes; fuera de que la sentencia se dictó por virtud de transacción entre las partes, y sin desviarse de dicha transacción.

*Se revoca la nota del registrador que es objeto de este recurso,* menos en lo que se refiere a la falta de previa inscripción de la finca y a la subsanable de no aceptación por el interesado.

El Juez Presidente Sr. del Toro no intervino.