CENTRAL AGUIRRE SUGAR Co. y JOSÉ GONZÁLEZ HERNÁNDEZ, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 839.—*Sometido:* Abril 10, 1931.  *Resuelto:* Abril 17, 1931.

*M. Marcos Morales,* abogado del recurrente González, y *Tous Soto & Zapater,* abogados de la Central Aguirre Sugar Co.; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En el Registro de la Propiedad de Guayama fué inscrita a favor del recurrente José González Hernández la compra que hizo de una finca en una subasta judicial; y como el precio dado por ella sólo cubrió el crédito hipotecario ejecutado, la corte que conoció de él ordenó al registrador que cancelara todos los varios gravámenes posteriores al ejecutado. Así lo hizo el registrador excepto en cuanto a una mención de hipoteca para responder de un pagaré al portador por endoso por $12,000. Entonces la corte libró otra orden al registrador para que cancelase esa mención de $12,000 por no tratarse de un derecho inscrito después del

derecho del ejecutante sino de una mera mención, no constando la persona ni el domicilio de aquélla a cuyo favor se constituyó la obligación; y porque el edicto que se publicó anunciando la subasta sirvió de notificación a todas las personas que pudieran tener gravámenes no inscritos sobre la expresada finca. Presentada esa orden al registrador éste se negó a cancelar la mención por $12,000, porque del edicto anunciando la subasta que tenía a la vista no aparece que el tenedor o portador de la obligación de $12,000 a que se refiere la mención fuera especialmente notificado de la naturaleza y efectos del procedimiento. Contra esa negativa se ha interpuesto el presente recurso gubernativo.

Por lo expuesto puede verse que la hipoteca para garantizar el pagaré por $12,000 no ha sido inscrita sino mencionada y que mientras la corte dice en su orden de cancelación que el edicto anunciando la subasta sirvió de notificación a todas las personas que pudieron tener gravámenes no inscritos sobre la finca, el registrador entiende que el tenedor del pagaré por $12,000 no fué notificado por dicho edicto. En otras palabras el registrador invade el campo de acción de la corte y entiende que ese fundamento de la orden de cancelación es erróneo, sin facultad para ello, porque según hemos dicho repetidas veces, interpretando el artículo 18 de la Ley Hipotecaria, si bien los registradores tienen la facultad de calificar los documentos judiciales que se le presenten, no están autorizados para calificar los fundamentos de esas resoluciones, debiendo limitarse a examinar si se han dictado con la necesaria competencia y en el correspondiente juicio, pues la Ley Hipotecaria no convierte a los registradores en jueces de los jueces. *Rivera* v. *Registrador de Ponce,* 14 D.P.R. 258; *Fernández* v. *Registrador de Caguas,* 17 D.P.R. 1061; *Solá* v. *Registrador de Caguas,* 39 D.P.R. 497, y otros.

El registrador recurrido admite que no puede apreciar los fundamentos de las resoluciones judiciales ni la justicia o injusticia intrínseca de las mismas pero dice que en este

caso no se trata de eso sino de si el procedimiento ha sido llevado con toda pureza, ajustado a la ley, y si la corte tiene jurisdicción para decretar esa cancelación. Sin embargo, ésta no es la cuestión en este caso, pues habiendo declarado la corte que el tenedor del pagaré por $12,000 fué notificado .de la subasta en el edicto que para ella se publicó, no puede el registrador juzgar si esa conclusión de la corte es errónea o exacta porque sería calificar como erróneo e injusto ese fundamento de la orden de cancelación.

*Debe ordenarse la cancelación de dicha mención.*

El Juez Asociado Señor Wolf no intervino.