MARGARITA, MANUELA, ANTONIA y FRANCISCO OLIVER CUVELJÉ y ANTONIO VINCENS RÍOS, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE UTUADO, recurrido.

No. 861.—*Sometido:* Enero 21, 1932. *Resuelto:* Enero 28, 1932.

*M. Marcos Morales,* abogado de los recurrentes; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

██ Un registrador de la propiedad inscribió una hipoteca con el defecto subsanable de que el documento no demostraba el estado civil de la acreedora hipotecaria más allá del hecho de que era mayor de edad.

La hipoteca fué otorgada por un apoderado y se acompañó de un poder conferido casi nueve años antes de la fecha de la hipoteca. Del poder se desprende que la deudora en septiembre de 1923 era mayor de edad, soltera, propietaria y vecina de Ponce.

Los recurrentes se basan en el caso de *Colón* v. *Registrador,* 22 D.P.R. 546, y en el artículo 102, inciso 31, de la Ley de Evidencia, que especifica como presunción controvertible, "Que una vez probada la existencia de una cosa, continúa ésta todo el tiempo que ordinariamente duran las cosas de igual naturaleza."

Una joven puede permanecer soltera por ocho o nueve años después de llegar a su mayoridad. No estamos prepa-

rados para decir que esto sea lo corriente con cosas de esa naturaleza. Véase el caso de *Figueroa* v. *Registrador*, 31 D.P.R. 377, y las autoridades allí citadas.

La doctrina del caso de *Colón* v. *Registrador, supra,* no puede extenderse sin riesgo de manera que cubra un período, cual el de este caso, tan largo como ocho años entre la fecha del poder y la del otorgamiento del documento presentado al registro.

*Debe confirmarse la nota.*

El Juez Asociado Señor Wolf está conforme con el resultado por las razones que consigna en la opinión concurrente que se inserta a continuación:

OPINIÓN CONCURRENTE EMITIDA POR EL JUEZ ASOCIADO SR. WOLF

A mi juicio, si una propiedad resulta ser claramente privativa, entonces debe hallarse algún medio de inscribirla a nombre del dueño exclusivo, ya sea esa persona casada o soltera. En otras palabras, si la propiedad envuelta, de acuerdo con el registro pertenecía exclusivamente a cierta persona antes o al tiempo de otorgarse el poder, entonces esa propiedad debe tal vez ser enajenable en cualquier momento sin que haya que demostrar que la persona es a la sazón casada o soltera. Para fines privativos, el estado civil de una persona puede inofensivamente considerarse como que continúa igual que a la fecha del poder.

Para propiedad adquirida posteriormente, no debe haber presunción de continuidad. El registro debe impartir certeza. *Non constat* que una persona soltera pueda haberse casado antes de la fecha de la nueva adquisición.

Si la presunción surte efecto, entonces estoy de acuerdo con la opinión de la mayoría.