GUILLERMO MORALES, recurrente, v. EL REGISTRADOR DE LA PROPIEDAD DE UTUADO, recurrido.

Núm. 1107.—*Sometido:* Noviembre 2, 1942. *Resuelto:* Noviembre 18, 1942.

*A. E. Suliveres,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor De Jesús, emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de Utuado copia certificada de la resolución dictada por la corte municipal de aquella ciudad el 4 de agosto de 1942 en el caso civil número 530, sobre información posesoria, en la que se ordenó la inscripción de la posesión de una casa y solar a favor del recurrente, el registrador denegó la inscripción por los siguientes fundamentos:

(1) Por no expresar la resolución el tiempo que el promovente ha estado en posesión del inmueble.

(2) Por no haberse alegado ni acreditado causa alguna que impida al promovente de la información posesoria presentar la escritura pública o título de dominio escrito en virtud del cual adquirió la finca.

(3) Por no haberse acreditado que el promovente paga las contribuciones del inmueble, y no siendo reciente la adquisición, según el registrador, no basta el hecho de figurar las contribuciones a nombre de Virgilio Morales, quien no aparece como dueño inmediatamente anterior.

El artículo 391 de la Ley Hipotecaria, al prescribir las reglas que deberán observarse en la instrucción del expediente posesorio, dispone que el escrito en que se pida la admisión de la información expresará, entre otras, las siguientes circunstancias:

(*a*) El tiempo que el promovente lleva de posesión;

(*b*) La inexistencia de título escrito, o el no ser fácil hallarlo, en el caso de que exista; y

(*c*) Que el promovente pagó la contribución a título de dueño, y si no hubiera pagado ningún trimestre (entiéndase semestre) de contribución, por ser su adquisición reciente, expresará el nombre de la persona de quien procede el inmueble, o sus herederos, a quienes se dará conocimiento del expediente a fin de que manifiesten si tienen algo que oponer a su inscripción.

Y el artículo 392, según fué enmendado por la Ley núm. 20 de 7 de mayo de 1923 ((1) pág. 213), al prescribir que sea la resolución aprobando el expediente la que se presente al registro para inscripción en vez de la totalidad del expediente como antes de la enmienda disponía la ley, prescribió además que en la resolución deberán expresarse todas las circunstancias referidas en el artículo 391 y también los nombres de los testigos que hayan declarado, el resultado de sus declaraciones, el de las demás diligencias practicadas en el expediente, y la opinión o dictamen del ministerio fiscal, y mandará extender en el registro la inscripción solicitada, sin perjuicio de tercero de mejor derecho. En otras palabras, de la faz de la resolución deben aparecer afirmativamente todas las circunstancias necesarias para la validez e inscripción de la información posesoria.

Sostiene el recurrente que el tiempo de posesión en que se hallaba el promovente aparece suficientemente del párrafo de la resolución que dice así:

"Por cuanto: Los testigos A. Malaret Esclusa y Bruno C. Chabrier, mayores de edad, casados, propietarios y vecinos de Utuado,

declararon bajo juramento que *la finca descrita la posee quieta, pú-blicamente, pacífica y a título de dueño el solicitante Guillermo Morales por haberla adquirido por compra a Gregorio, digo a don Ramón Díaz Román por escritura número 156 otorgada ante el Notario Antonio E. Suliveres Colón el día 26 de septiembre de 1941,* estando casado con la repetida Eduviges Soto.'' (Bastardillas nuestras.)

Lo que en realidad resulta de la declaración de los testigos conforme aparece del transcrito párrafo, único que trata de la circunstancia en cuestión, es que el promovente posee la descrita finca quieta, pública y pacíficamente y a título de dueño *por haberla comprado a Ramón Díaz Román por escritura de 26 de septiembre de 1941.*

. No puede sostenerse con certeza que el indicado párrafo exprese que el promovente hubiera estado en posesión desde que se otorgó la escritura en 26 de septiembre de 1941. Es verdad que de conformidad con el artículo 1351 del Código Civil cuando la venta se hace mediante escritura pública, el otorgamiento de ésta equivale a la entrega de la cosa objeto del contrato, si de la misma escritura no resultare o se dedujere claramente lo contrario, pero como dice Manresa, ''para que el vendedor pueda transmitir (la posesión) por medio de la escritura o de cualquier otro signo, es preciso que él posea o tenga en su poder lo que transmite.'' (Paréntesis nuestro.) No existe en la ley presunción alguna al efecto de que el vendedor que transmite su título por escritura pública se halla en posesión de la cosa vendida, y de la resolución que nos ocupa no consta en forma alguna que Ramón Díaz Román estuviese en posesión del inmueble cuando otorgó la citada escritura. Tratándose como se trata de un procedimiento *ex parte,* como lo son las informaciones posesorias, es requisito indispensable para su validez que se cumplan estrictamente las disposiciones de la ley, y como en este caso no aparece de la resolución clara e inequívocamente el tiempo que llevare en posesión el promovente, la resolución no cumple con la Regla 4a. del artículo 391 que terminante-

mente así lo exige. Siendo éste un defecto que impide la inscripción del expediente, según se resolvió por este Tribunal en el caso de *Delgado* v. *Registrador,* 25 D.P.R. 486, 489, citado por el registrador recurrido, y en el cual se siguió la resolución de la Dirección de los Registros de 18 de mayo de 1877, preciso es concluir que el primer motivo de la nota del Registrador está sostenido por la ley.

El segundo motivo de la nota está predicado en que apareciendo de la resolución que el promovente tenía título escrito de la finca, o sea la escritura de compraventa que le otorgó el anterior dueño, no expresa la resolución qué causa impide inscribir dicha escritura. El expediente posesorio que establece el artículo 390 de la Ley Hipotecaria es un procedimiento supletorio que sólo procede cuando el propietario realmente carezca de título de dominio inscribible o cuando teniéndolo no pueda reclamar inmediatamente su inscripción por haberlo de traer de punto distante del lugar en que deba hacerla, o por cualquier otra causa que le obligue a dilatar su presentación, conforme prescribe el artículo 437 del Reglamento. Una mera lectura de la resolución revelará que en ninguna parte de la misma se expresa tal circunstancia. El segundo motivo de la nota está bien fundado.

Pasemos ahora al tercer motivo. El artículo 391 de la Ley Hipotecaria prescribe que si no se hubiese pagado ningún trimestre (entiéndase semestre) de contribución por ser la adquisición de la finca de fecha reciente, se dará conocimiento del expediente a la persona de quien procede el inmueble o a sus herederos a fin de que manifiesten si tienen algo que oponer a la inscripción. De la resolución aparece afirmativamente que la adquisición tuvo lugar el 26 de septiembre de 1941, fecha reciente con relación al 4 de agosto de 1942, en que fué dictada la resolución, especialmente si se tiene en cuenta que los recibos se expiden por un año, y que por lo menos un año es preciso esperar para poder hacer la transferencia correspondiente en los records de Tesorería.

Apareciendo de la resolución que Virgilio Morales fué el dueño inmediatamente anterior al que transmitió el inmueble al promovente y que a nombre de Virgilio Morales se pagaron los últimos recibos de la finca, y que tanto éste como el dueño inmediatamente anterior al promovente fueron notificados conforme dispone la ley, sin que aparezca que se hubiesen opuesto a la aprobación del expediente, a nuestro juicio la ley fué cumplida en lo que a esta circunstancia respecta, por lo que tenemos que concluir que el tercer motivo de la nota del Registrador carece de fundamento legal.

*Procede, por lo expuesto, confirmar la nota recurrida denegatoria de la resolución, solamente por los motivos 1 y 2 antes expuestos.*