IGLESIA CATÓLICA, APOSTÓLICA Y ROMANA, DIÓCESIS DE SAN JUAN, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 1114.—*Sometido:* Noviembre 19, 1942. *Resuelto:* Enero 15, 1943.

*Heriberto Torres Solá,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

En un pleito contencioso en la corte de distrito, la sentencia final decía en parte como sigue:

''. . . Se dispone además la inscripción en el registro de la propiedad correspondiente, a favor de la demandante, de una capellanía por un capital de 300 pesos españoles, y otra capellanía, por un capital de 1,000 pesos españoles, con réditos anuales ambas capella-

nías del 5 por ciento del capital de cada una, a las cuales capellanías viene afecta la finca del demandado que se describe a continuación: . . .''

El Registrador se negó a inscribir las mencionadas capellanías por las siguientes razones:

''Primero:—porque la sentencia dispone la inscripción de 'una capellanía por trescientos pesos españoles y otra capellanía por mil pesos españoles con réditos ambas del 5 por ciento' por los fundamentos de la opinión unida a los autos, y por esta opinión aparece que la demandante alega ser dueña de 'ciertos censos que estaban inscritos', y solicita su 'reinscripción', opinando la corte que tales censos 'lo cierto es que nunca estuvieron inscritos y sí sólo mencionados', lo que trae confusión en cuanto a qué es lo que hay que hacer en el Registro: si la 'reinscripción' de una mención de capellanías que aparece cancelada, o la 'inscripción' de unos censos que es el nombre que a veces se les da a tales capellanías; segundo: porque si lo que en realidad se solicita es la inscripción de las capellanías, es necesario que se presente al Registro la escritura de constitución de tales gravámenes; tercero: porque si lo que se solicita es que se convierta en inscripción la mención que se hizo en el registro de dichas capellanías, no procede tal conversión por no haber términos hábiles para hacerla; cuarto: porque no se ha condenado al demandado a otorgar la correspondiente escritura de constitución de gravamen de censos o capellanías, o en su defecto, ordenar al márshal de la corte que proceda a su otorgamiento con las debidas condiciones; quinto: porque para constituir este gravamen se requiere el consentimiento de la esposa del demandado, quien no lo ha prestado voluntariamente, ni la corte ha adquirido jurisdicción sobre ella al obligar solamente al esposo demandado para gravar una propiedad de la sociedad de gananciales.''

Algunas, si no todas, de las razones aducidas por el Registrador parecen poner en duda los fundamentos de la decisión de la corte de distrito. Ése no es uno de los deberes de un Registrador. ''El artículo 18 de la Ley Hipotecaria otorga a los registradores la facultad de calificar bajo su responsabilidad y para el único efecto de admitir, suspender o negar su inscripción o anotación, todos los documentos expedidos por la autoridad judicial; pero dicha facultad no les autoriza examinar los fundamentos de las resoluciones

248

judiciales, ni apoyarse en la apreciación que hagan de la legalidad de esos fundamentos para el efecto de denegar la inscripción o anotación, por más que les sea permitido considerar si se han dictado con la necesaria competencia y en el correspondiente juicio, . . .'' (*Ramírez* v. *El Registrador de la Propiedad*, 16 D.P.R. 348, 349, 350). Véanse *Solá* v. *Registrador*, 39 D.P.R. 497, 501; *Sucn. Trías* v. *Registrador*, 59 D.P.R. 460, 67. *Cf. Correa* v. *Registrador*, 53 D.P.R. 274.

■■ Pero aun asumiendo que el Registrador estuviese facultado para entrar a considerar algunos de los puntos que él levanta, su interpretación de la opinión y sentencia de la corte de distrito no puede ser sostenida.

Es cierto, como indica el Registrador, que la opinión de la corte de distrito se refiere a los hechos de que la demandante alega en su demanda ante la corte de distrito que ella es dueña de las mencionadas capellanías que fueron inscritas y solicita su reinscripción, mientras que la corte de distrito afirma que las mismas nunca fueron inscritas sino simplemente mencionadas. Pero esto no ''trae confusión en cuanto a qué es lo que hay que hacer en el Registro'', como alega el Registrador. Por el contrario, la corte inferior hace una clara exposición de su decisión, de la cual no se apeló, como sigue:

"De lo expuesto se puede ver que al adquirir el demandado cada uno de los condominios en la finca envuelta en el litigio, tenía conocimiento de la vigencia de los censos cuya existencia ahora discute. No nos referimos al conocimiento que pudieran haberle brindado las menciones de los censos en el registro. Nos referimos al conocimiento efectivo que tuvo mediante la mención de los gravámenes en las escrituras en que adquirió los primeros condominios, y que se manifestó en la carta que dirigiera a la demandante el 17 de julio de 1932.

"Puesto que el demandado tenía conocimiento personal de la vigencia de los censos al adquirir sus derechos sobre el inmueble acensuado, no puede considerársele un tercero, y por lo tanto adquirió el inmueble sujeto a los censos. El resultado hubiese sido

el mismo aun cuando en el registro no hubiese existido mención alguna de los derechos de la demandante. *Jones* v. *Torruellas,* 28 D.P.R. 46. Aunque en el caso citado no se extiende la Corte Suprema en consideraciones sobre el efecto que surte un censo no inscrito, se resuelve expresamente el punto, ya que se obligó a una persona a satisfacer los réditos de un censo no inscrito por el hecho de haber reconocido la vigencia del censo en la escritura de adquisición del inmueble acensuado.

"Es cierto que, a solicitud del demandado, basada en las disposiciones de la Ley No. 12 de agosto 29 de 1923, según enmendada, el registrador de la propiedad dijo haber cancelado 'los gravámenes relacionados en la inscripción de cargas de la inscripción primera adjunta . . .', o sea, los censos de que se ocupa la demanda. Pero es que el registrador no tenía autoridad alguna para. cancelar los gravámenes. El estatuto citado sólo lo autoriza a cancelar las *menciones* de censos, pero no los censos en sí. Y es innecesario apuntar la diferencia entre un derecho u obligación y la constancia de ese derecho u obligación en el registro de la propiedad. Puede existir el derecho u obligación sin que aparezca del registro, y pueden aparecer del registro derechos u obligaciones que nunca han existido o que han dejado de existir. Y en el caso de autos, si bien el demandado podía obtener la cancelación de aquellas menciones de censos que dataran de más de 20 años, porque existe un estatuto que tal cosa autoriza, ni el demandado ni el registrador podían privar a la demandante de un derecho que el propio demandado le había reconocido poco antes de que pretendiera destruirlo.

"Por los motivos expuestos, procede declarar con lugar la demanda. Algo nos hemos detenido antes de determinar los pronunciamientos propios de la sentencia. Solicita la demandante la reinscripción de los censos. Lo cierto es que nunca estuvieron inscritos y sí sólo mencionados en varias inscripciones. Mas lo que en esencia se solicita es que se inscriban los censos sobre cuya existencia y vigencia versa el litigio, de manera. que quede la demandante protegida contra terceros. Por ello creemos procedente, a los fines de hacer completa justicia y evitar ulteriores litigios, disponer la inscripción de los derechos de la demandante."

Las restantes contenciones del Registrador carecen igualmente de mérito. Bajo estas circunstancias, no es necesario otorgar escritura pública alguna constituyendo las dos

250

capellanías; la sentencia en sí es base suficiente para su inscripción. [3] En cuanto a la cuestión de jurisdicción sobre la esposa del demandado, es suficiente con decir que este último fué demandado en la corte de distrito en su capacidad de administrador de la sociedad de gananciales. Y, como la corte de distrito manifestó, tanto el demandado como su esposa adquirieron la propiedad aquí envuelta sujeta a y con conocimiento de las capellanías.

*La nota del Registrador será revocada, y se le ordenará inscribir las capellanías en cuestión.*