EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HÉCTOR MARTÍNEZ NEVÁREZ, acusado y apelante.

*Número:* CR-70-27     *Resuelto:* 30 de junio de 1970

*Santos P. Amadeo,* abogado del apelante; *Gilberto Gierbolini, Procurador General,* y *Dolores Ruiz de Zambrana, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue convicto el 29 de diciembre de 1967 de infringir el Art. 6 de la Ley de Armas de Puerto Rico—Ley Núm. 17 de 19 de enero de 1951—25 L.P.R.A. sec. 416—delito menos grave. Fue sentenciado en igual fecha a un período de cárcel de 6 meses.

La Ley de Armas castiga la infracción del Art. 6 con un mínimo de 6 meses y un máximo de dos años de cárcel. Véase Ley Núm. 61 de 23 de junio de 1969, Art. 1.

En su apelación, señala como solo error el que se le procesara sin un jurado.

284

La Constitución del Estado Libre Asociado de Puerto Rico dispone en su Art. II, Sec. 11 que "En los procesos por delito grave el acusado tendrá derecho a que su juicio se ventile ante un jurado imparcial compuesto por doce vecinos del distrito. . . ."

Sin que la disposición de este recurso implique de manera alguna que el tribunal acepta o resuelve la aplicación de las decisiones de *Baldwin* v. *New York*, 398 U.S. 66, resuelto en 22 de junio de 1970 y de *Duncan* v. *Louisiana*, 391 U.S. 145, decidido el 20 de mayo de 1968, al sistema de enjuiciar del Estado Libre Asociado sin jurado en casos menos grave, conforme a su Constitución y a sus leyes, problema éste que el tribunal, como principal intérprete de dichas Constitución y leyes del Estado Libre Asociado resolverá cuando fuere necesario resolverlo; a reserva de lo anteriormente expresado, en este caso el juicio, convicción y sentencia del apelante ocurrió en 29 de diciembre de 1967, y el tribunal no reconoce a la decisión de *Baldwin* v. *New York*, supra, resuelto en 22 de junio de 1970, aplicación retrospectiva. [1]

Sin que se acepte al disponer de este caso que las decisiones de *Baldwin* v. *New York* y *Duncan* v. *Louisiana* se apliquen al sistema de enjuiciar sin jurado del Estado Libre Asociado de Puerto Rico, cuestión que queda reservada, *se confirmará la sentencia apelada*.

Los Jueces Asociados Señores Rigau y Ramírez Bages no intervinieron.

---

[1] En *De Stefano* v. *Woods*, 392 U.S. 631, el Tribunal Supremo de los Estados Unidos dispuso que la decisión de *Duncan* v. *Louisiana*, supra, no era aplicable retrospectivamente a juicios celebrados con anterioridad a la fecha en que fue emitida, 20 de mayo de 1968.