EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* VÍCTOR A. ÁLVAREZ MAURÁS, acusado y apelante.

*Número:* CR-68-72     *Resuelto:* 25 de abril de 1972

*Segismundo López Rodríguez,* abogado del apelante; *Gilberto Gierbolini, Procurador General,* y *Jorge Ríos Torres, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante y otro individuo fueron enjuiciados por un robo a mano armada cometido el 25 de agosto de 1966 en la persona de Omar A. Sosa. Sosa era empleado del periódico *El Imparcial;* ese día había ido al Banco Popular de San Juan a buscar efectivo para el pago de una nómina de la firma para la cual trabajaba. Estando ya de regreso, cuando salía del automóvil para dirigirse al edificio de *El Imparcial,* llevando consigo una bolsa que contenía $23,565.67 en efectivo, dicha bolsa le fue arrebatada de sus manos. Los malhechores huyeron en una motocicleta que había sido hurtada el día antes de los hechos la cual apareció al día siguiente abandonada en una calle de Puerta de Tierra.

Los coacusados fueron identificados por varias personas que presenciaron el delito y el apelante en particular fue identificado en forma convincente por el perjudicado Omar Sosa, por el conductor del vehículo en que Sosa viajaba, Gilberto Vega, por el conserje del edificio Antonio García Burgos y por otro testigo llamado Ignacio Torres Colón. Todos estos testigos declararon que vieron al apelante arrebatarle a Sosa la bolsa que contenía el dinero y con la bolsa en la mano izquierda y un revólver en la derecha, retroceder hasta llegar a la motocicleta la cual era conducida por el coacusado y en la cual ambos escaparon. El que conducía la motocicleta había mantenido el motor de la misma en marcha durante la transacción. La defensa descansó en la teoría de coartada.

Un jurado unánime encontró a los coacusados no culpables del delito de robo y al apelante no culpable del delito de portar armas sin licencia .(Art. 8, Ley de Armas). El tribunal de derecho encontró al apelante culpable de poseer armas sin licencia (Art. 6, Ley de Armas) y lo condenó a cumplir dos

años de cárcel. Fue dejado en libertad bajo fianza mientras se ventila la presente apelación.

Los tres errores señalados se contraen a lo siguiente: (1) si la apreciación de la prueba fue o no correcta, (2) si el tribunal abusó de discreción al no concederle al apelante una sentencia suspendida y (3) si la pena es ilegal.

No encontramos razón alguna que justifique intervenir con la apreciación que de la prueba hizo el tribunal de instancia. El apelante fue identificado por los testigos de cargo, como la persona que tenía un revólver en sus manos en el lugar y fecha de los hechos. T.E. págs. (Primera Parte) 79, 80, 102; (Segunda Parte) 37–39, 59, 110, 147–148, 171, 249, 268–269. La prueba tiende a demostrar que el delito se perpetró entre 1:45 P.M. y 2:00 P.M. T.E. págs. (Primera Parte) 78; (Segunda Parte) 42, 83, 122, 147, 173–174, 230, 298.

La defensa de coartada tendió a establecer que el coacusado Wilfredo Dávila Torres fue visto en Hato Rey por tres testigos entre 12:20 P.M. y 1:30 P.M. el día de los hechos. Uno de los testigos de defensa, David Rijos, declaró que ese día después de dar transportación al coacusado y dejarlo en Hato Rey, llegó a San Juan entre la 1:50 P.M. y 1:55 P.M. Si este testigo pudo llegar a San Juan antes de las 2:00 P.M., igualmente pudo también el coacusado llegar a San Juan, lugar donde se cometió el delito, antes de las 2:00 P.M. Véase T.E. págs. (Segunda Parte) 354, 357, 390, 393, 395, 405, 429, 430, 434, 449.

La defensa de coartada del apelante tendió a demostrar que fue visto entre 10:00 A.M. y 3:30 P.M. trabajando en un local que él había comprado en el Núm. 1000 de la Ave. Ponce de León, en Río Piedras. El apelante estuvo decorando este local desde antes del día del robo y completó de decorarlo en alguna fecha posterior. El apelante vendió el local decorado al Dr. Vázquez, optómetra, por la suma de $15,000.00. El Dr. Vázquez declaró que habló con el apelante por espacio de

casi una hora en el local, alrededor de las doce del día y también posteriormente, después de las 3:00 de la tarde. Los tres testigos de coartada del apelante eran personas que llevaban a cabo labores cerca del local que el apelante estaba decorando, pero no en dicho local y aunque establecieron en forma general que el apelante estuvo entre 10:00 A.M. y 3:30 P.M. de aquel día en el local, y en específico alrededor de la 1:00 P.M. y de las 3:00 P.M., ninguno de ellos estableció en forma determinante que el apelante estuvo en su presencia a las 2:00 P.M., cuando el robo se cometió. La prueba de coartada no excluyó la posibilidad de que después de que el apelante habló con el Dr. Vázquez, fuera a San Juan y regresara en menos de una hora. Véanse T.E. págs. (Segunda Parte) 490, 504, 505, 553–554, 597, 601.

Es posible que los testigos de coartada prestaran testimonios verídicos y de buena fe pero ello no excluye la posibilidad de la comisión del delito por el apelante. Si el apelante y el coacusado fueron cuidadosos en planear con precisión el robo, no es de extrañar que de antemano también planearan cuidadosamente una coartada valiéndose de terceras personas que de buena fe declararan a su favor. El propio juez no tuvo la menor duda de que el apelante violó en aquel momento y lugar el Art. 6 de la Ley de Armas y así lo manifestó expresamente: "... yo creo que usted estaba allí con ese revólver ...." la prueba "... ha llevado a mi ánimo la convicción fuera de toda duda de que en efecto la portó ... [el arma] sin tenerla inscrita ...." T.E. págs. (Segunda Parte) 655, 656.

■ No habiendo la defensa de coartada excluido la posibilidad de que el apelante estuviera en el lugar de los hechos a la hora en que éstos ocurrieron y habiendo prueba creída por el juez de que estuvo allí presente, debemos sostener la convicción.

■ El segundo planteamiento se relaciona con la negativa del tribunal de conceder sentencia suspendida al apelante. La Ley Sobre Sentencias Suspendidas concede discreción al tribu-

nal, pero dicha discreción se ejercita a tono con la apreciación del tribunal sobre si las circunstancias en que el delito fue cometido evidencian que existe un problema de conducta o de carácter que, en interés de la protección de la comunidad, requiera la reclusión del acusado. 34 L.P.R.A. sec. 1027.

Cuando al tribunal se le hizo la solicitud de sentencia suspendida, la denegó en los siguientes términos:

"No, no, por las circunstancias en que se portó esa arma y la cual ha formado parte de la prueba y ha llevado a mi ánimo la convicción fuera de toda duda de que en efecto la portó sin tenerla inscrita, etc., etc. en contra de las disposiciones del Art. 6 de la Ley de Armas, el Tribunal entiende que este acusado no sería acreedor a recibir los beneficios de sentencia suspendida en este caso. Además ya tiene una convicción por un delito de violencia y amerita que se recluya en la institución correspondiente para tratar de lograr su rehabilitación." T.E. págs. (Segunda Parte) 656–657.

■ El disfrute de una sentencia suspendida es un privilegio y no un derecho y está sujeto a la discreción del tribunal sentenciador. *Pueblo* v. *Martínez Rivera*, 99 D.P.R. 568, 575 (1971). No encontramos razón alguna para intervenir con dicha discreción en este caso.

■ Mediante el tercer y último señalamiento se ataca la sentencia por ser contraria al caso *Duncan* v. *Louisiana*, 391 U.S. 145. El apelante fue convicto el 14 de diciembre de 1967. Idéntico planteamiento fue resuelto en forma adversa al apelante en *Pueblo* v. *Martínez Nevárez*, 99 D.P.R. 283 (convicción con fecha de 29 diciembre 1967, por Art. 6, Ley de Armas).

■ No obstante, nuestro derecho vigente provee para que sentencias por delitos menos graves que conlleven reclusión en cárcel se reduzcan a 6 meses si la sentencia impuesta fue por un período mayor y prohíbe que se dicten sentencias por delitos menos graves en exceso de 6 meses. Leyes Núms. 8 y 9 de 7 julio 1971; 34 L.P.R.A. sec. 1711.

Los tres errores señalados no se cometieron. *Se reducirá, sin embargo, la sentencia apelada a seis meses de cárcel y así modificada se confirmará.*

El Señor Juez Presidente, Señor Negrón Fernández no intervino.