EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.*
RAÚL RIVERA RODRÍGUEZ, demandado y peticionario.

*Número:* O-81-571     *Resuelto:* 5 de febrero de 1982

*Carmen Ana Rodríguez Maldonado*, de la División de Apela-
ciones de la Sociedad para Asistencia Legal, abogada del
peticionario; *Héctor A. Colón Cruz, Procurador General*, y
*Lorraine Riefkohl, Procuradora General Auxiliar*, abogados
del recurrido.

## SENTENCIA

El peticionario Raúl Rivera Rodríguez —acusado de
escalamiento agravado (G-81-24) e infracción al Art. 172
del Código Penal (M-81-31)— previa renuncia al jurado,
admitió y le fue aceptada alegación de culpabilidad por
tentativa de escalamiento agravado e infracción al Art.
172.

El Tribunal Superior, Sala de Caguas, no accedió a que
su caso fuera referido al Oficial de Probatoria para
Adultos para informe pre-sentencia y ese mismo día, 27 de
mayo de 1981, lo sentenció a una pena de uno (1) a tres (3)
años en el caso de tentativa y a seis (6) meses de cárcel por
infringir el Art. 172. Se dispuso que las sentencias fueran
cumplidas concurrentemente entre sí y bajo el régimen de
probatoria.

Posteriormente, el 27 de agosto, la Sra. Ana Camacho
de Fontánez, oficial de libertad a prueba, le comunicó al
tribunal sus dudas de si en vista de haberse dictado la
sentencia, el caso era para investigación de pre-sentencia o
para supervisar. El tribunal le informó que el caso era
referido para investigación pre-sentencia y que en su
oportunidad se proponía enmendar la sentencia impuesta.

En vista celebrada el 3 de septiembre, el tribunal

explicó que había incurrido en un error al concederle al acusado los beneficios de una sentencia suspendida *sin el debido informe pre-sentencia* y que una vez efectuado el mismo, por resultar negativo, procedía enmendar la sentencia en el caso de tentativa de escalamiento agravado, aumentando la pena de cuatro (4) a seis (6) años. Dejó al peticionario bajo el régimen de probatoria con una serie de condiciones especiales.

La representación legal del peticionario solicitó la reconsideración sobre la modificación de la sentencia argumentando su ilegalidad por razón de haber transcurrido el término de 90 días. El 8 de septiembre el tribunal reiteró su actuación.

Subsiguientemente, a solicitud del Ministerio Público, el tribunal le impuso una fianza adicional de $6,000 en efectivo a base de que era un sospechoso de un caso de asesinato *bajo investigación*. Fue ingresado en una institución penal. Otra vez la Defensa solicitó la reconsideración. En vista del 8 de septiembre el tribunal reiteró sus dictámenes, declaró sin lugar la reconsideración haciendo constar "que cuando una persona es sentenciada se deja bajo la misma fianza, sin fianza o se *le fija una fianza que es lo que se hizo en este caso"*. Ese día también el Ministerio Público pidió la revocación de la probatoria. El tribunal dispuso que esa petición se hiciera por escrito y fundamentada. El día siguiente, 9 de septiembre, el tribunal dejó sin efecto la fianza adicional impuesta el 4 de septiembre y ordenó la excarcelación del peticionario.

Al tramitarse el presente recurso de *certiorari* dirigido a cuestionar la modificación y aumento de la sentencia, estaba pendiente de dilucidarse la solicitud de revocación de sentencia suspendida. Concedimos al Procurador General término para que compareciera a mostrar causa por la cual no deberíamos dejar sin efecto la sentencia del 3 de septiembre que aumentó la pena a una de cuatro a seis años en probatoria por el delito de tentativa de escala-

miento agravado y en su consecuencia reinstalar la dictada originalmente.

En su comparecencia el Estado elabora la tesis de que la primera sentencia era *nula*, ya que, al dictarse, el tribunal no tuvo ante sí el informe del oficial probatorio *exigido* por el Art. 2 de la Ley Núm. 259 de 3 de abril de 1946 (34 L.P.R.A. sec. 1027) y reiterado en *Pueblo* v. *Feliciano*, 67 D.P.R. 247, 249 (1947); *Pueblo* v. *Sánchez González*, 90 D.P.R. 197, 200 (1964); y *Pueblo* v. *Álvarez Maurás*, 100 D.P.R. 620, 625 (1972). Su posición es correcta.

En lo pertinente, el Art. 2 de la Ley Núm. 259 prescribe —entre los requisitos que deben concurrir para un tribunal dejar en libertad a prueba a un convicto— lo siguiente:

> (3) que el *juez sentenciador tenga ante sí un informe que le haya sido rendido por el Administrador de Corrección después de este último haber practicado una investigación minuciosa de los antecedentes de familia e historial social* de la persona sentenciada, y que, del contenido de este informe, pueda dicho juez sentenciador concluir que ningún aspecto de la vida de esa persona evidencia que haya necesidad de que se le recluya en alguna de las instituciones penales de Puerto Rico para que se logre la reforma o rehabilitación que para ella persigue la ley como medida de protección adecuada a la comunidad. (Énfasis suplido.)

Ante este claro mandato legislativo es imperativo concluir que la sentencia dictada originalmente era nula —como correctamente lo estimó el foro primario— y, por ende, el tribunal puede re-examinar la sentencia y la pena impuesta originalmente. Es evidente que el informe pre-sentencia es fundamental para mover la discreción del juez sentenciador para determinar la extensión del término a cumplirse en probatoria. En su consecuencia la sentencia impugnada es válida. *Cf. Pueblo* v. *Tribunal Superior*, 104 D.P.R. 650, 652–653 (1976).

No habiéndose cometido el error apuntado, se confirma

la actuación del Tribunal Superior, Sala de Caguas, fechada el 3 de septiembre de 1981.

Así lo pronunció y manda el Tribunal y certifica la Secretaria. El Juez Asociado Señor Irizarry Yunqué emitió voto disidente al cual se unió el Juez Presidente Señor Trías Monge.

(*Fdo.*) Lady Alfonso de Cumpiano

*Secretaria*

—O—

Voto disidente del Juez Asociado Señor Irizarry Yunqué al cual se une el Juez Presidente Señor Trías Monge.

El 27 de mayo de 1981, luego de hacer alegación de culpabilidad por tentativa de escalamiento agravado, el peticionario fue sentenciado a una pena de uno a tres años de prisión bajo el régimen de sentencia suspendida. No medió un informe previo de un oficial probatorio. Posteriormente, el 3 de septiembre de 1981, el juez dejó sin efecto su sentencia y dictó otra en que le impuso una pena de cuatro a seis años de prisión, a cumplirse en probatoria. Se basó en que no tuvo el beneficio de un informe presentencia al dictar la primera y que, habiéndose presentado el mismo con posterioridad, resultó negativo al acusado y por ello debía dejar sin efecto la anterior sentencia y dictar la de cuatro a seis años, de que aquí se recurre.

Concedimos término al Procurador General para mostrar causa por la cual no debamos expedir el auto de *certiorari* solicitado, dejar sin efecto la sentencia de 3 de septiembre y reinstalar la de 27 de mayo. La sentencia de este Tribunal acoge el planteamiento del Procurador de que la primera era nula por no mediar un informe del oficial probatorio antes de ser dictada. Se basa en lo dispuesto por el Art. 2 de la Ley Núm. 259 de 3 de abril de

1946 (34 L.P.R.A. sec. 1027). El citado artículo dispone, en lo aquí pertinente, lo siguiente:

> (3) que el *juez sentenciador tenga ante sí un informe que le haya sido rendido por el Administrador de Corrección después de este último haber practicado una investigación minuciosa de los antecedentes de familia e historial social* de la persona sentenciada, y que, del contenido de ese informe, pueda dicho juez sentenciador concluir que ningún aspecto de la vida de esa persona evidencia que haya necesidad de que se le recluya en alguna de las instituciones penales de Puerto Rico para que se logre la reforma o rehabilitación que para ella persigue la ley como medida de protección adecuada a la comunidad. (Énfasis suplido.)

Cómo puede verse, dicho informe es requerido a los fines de disponer si se concede al acusado el beneficio de la sentencia suspendida. No es requisito para la imposición de la sentencia, que es una cosa distinta. La falta de dicho informe nada afecta la legalidad de la sentencia impuesta el 27 de mayo de 1981, pues a este caso no le aplica la Regla 162.1 de Procedimiento Criminal. Sus hechos ocurrieron antes de la vigencia de la Ley Núm. 103 de 4 de junio de 1980, que adicionó dicha Regla 162.1 a los fines de requerir un informe antes de dictarse sentencia.[1] Dicha Ley dispone en su Art. 3:

> Esta ley comenzará a regir a la fecha de vigencia de la Ley que establece la Sentencia Determinada en Puerto Rico. Leyes de Puerto Rico, 1980, pág. 360.

La Ley que establece el Sistema de Sentencia Determinada, Núm. 100 de 4 de junio de 1980 empezó a regir nueve meses después de su aprobación. Dice en su Sec. 4:

> Esta ley comenzará a regir nueve meses después de su aprobación, y sus disposiciones serán aplicables a personas a ser juzgadas por hechos delictivos que se cometan a partir

---

[1] La acusación imputa que los hechos ocurrieron el 1ro de diciembre de 1980.

de la fecha de su vigencia. Leyes de Puerto Rico, 1980, pág. 298. (²)

Por los fundamentos expresados, disiento de la sentencia de este Tribunal. Debería expedirse el auto y resolverse conforme a lo intimado en nuestra resolución sobre mostración de causa.

_____

(²) La nota al calce de la Regla 162 en el Suplemento de 34 L.P.R.A. Ap. II, R. 162 (para 1981) indica erróneamente que la vigencia de la citada Ley es "90 días después de Junio 4, 1980".