# 95 DTA 125

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

NYDIA SUAREZ RODRIGUEZ
Peticionaria

v.

MARIO RODRIGUEZ,
SUPERINTENDENTE CARCEL PARADA 8
Demandado

Núm. KLCE-95-00211

San Juan, Puerto Rico, a 14 de junio de 1995

Panel integrado por su presidente, Juez Rossy García
y los Jueces Aponte Jiménez y Negroni Cintrón

Rossy García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El recurso instado en el caso de epígrafe interesa la revisión de la sentencia fraccionada impuesta al convicto Edgardo Navarro Suárez. Mediante ésta se dispuso su reclusión por el término de un (1) año, para entonces poder éste disfrutar de los beneficios de una sentencia suspendida por el remanente de los años de reclusión a los que fue condenado. ▮

Examinado como fue el recurso, emitimos resolución concediendo al Procurador General un término de diez (10) días para expresar su posición en torno al mismo.

Encontrándonos en condición de dictaminar luego de un análisis ponderado de los escritos y documentos que obran en autos a la luz del derecho aplicable y la jurisprudencia interpretativa, procedemos a hacerlo.

Para colocar la controversia de derecho que nos compete resolver en correcta perspectiva, veamos los hechos y el trámite procesal habido ante el tribunal de instancia.

### I

Se desprende de los autos que contra el Sr. Navarro Suárez el Ministerio Público presentó acusaciones imputándole sesenta y dos (62) cargos por infracción al Artículo 166(a) del Código Penal (Apropiación Ilegal Agravada en su modalidad de fondos públicos), los que como resultado de una alegación pre-acordada que fue negociada, fueron rebajados a infracciones al Art. 165 del Código Penal (Apropiación Ilegal, menos grave), con la recomendación de que la pena correspondiente se impusiera en forma consecutiva hasta un total de cinco (5) años ▮ Con este trasfondo y luego de haberse autorizado las enmiendas correspondientes a los pliegos acusatorios y aceptadas por el tribunal las alegaciones de culpabilidad formuladas por el Sr. Navarro Suárez, fue referido para evaluación por la Oficina de Oficiales Probatorios y se señaló el caso para el acto de pronunciamiento de sentencia. ▮

El día asignado para dicho evento, el tribunal dictó sentencia condenando al Sr. Navarro Suárez a cumplir una pena de seis (6) meses en cada uno de los cargos imputados, disponiendo que las sentencias dictadas en catorce (14) de los cargos imputados serían cumplidas en forma consecutiva entre sí, pero concurrentes con las impuestas en los restantes casos para un total de siete (7) años de reclusión.

Contando con el beneficio del informe preparado por el oficial probatorio, el tribunal le

concedió al Sr. Navarro Suárez los beneficios de una sentencia suspendida fraccionada o mixta, en virtud de la cual el convicto tendría que cumplir un (1) año natural en una institución penal que a tales efectos sería designada por la Administración de Corrección. Una vez transcurrido dicho término, el convicto cumpliría los restantes seis (6) años bajo un régimen de sentencia suspendida, sujeto a varias condiciones, las cuales tampoco son objeto de controversia.

Inconforme con la reclusión ordenada como parte de la sentencia fraccionada impuesta, la peticionaria interpuso el recurso que nos ocupa alegando la comisión de los siguientes errores:

1. que *"[l]a sentencia impuesta [...] es nula e ilegal y en violación al caso de Pueblo v. Vega Pérez, 90 J.T.S. 10, que permite la imposición de una sentencia fraccionada como una condición de la probatoria. En nuestro caso la pena de reclusión no fue impuesta como condición de la probatoria sino como una pena adicional que no está reglamentada en forma alguna en nuestro ordenamiento jurídico[. .]."*

2. que *"[a]busó de su discreción la Juez del Circuito de Apelaciones al imponer una sentencia fraccionada, cuando ello no se justifica en consideración al informe favorable rendido por la oficial de libertad a prueba y a que el carácter y conducta del acusado no representan ningún riesgo para la comunidad que amerite su reclusión."*

3. que *"[i]ncidió la Juez del Circuito de Apelaciones al imponer una pena de reclusión a ser cumplida en años naturales, siendo ello contrario al ordenamiento jurídico."*

4. que *"[l]a pena de reclusión impuesta es discriminatoria y contraria a la igual protección de las leyes toda vez que a las co-acusadas se les concedió el beneficio de libertad a prueba, mientras que los co-acusados fueron sentenciados a un [sic] pena de reclusión como parte de la sentencia fraccionada impuesta."*

Por los fundamentos que pasamos a exponer, resolvemos que procede la expedición del auto solicitado a los únicos fines de modificar el dictamen recurrido para reconocer el derecho del sentenciado a recibir bonificaciones por buena conducta y asiduidad en lo que respecta al período de reclusión impuesto por el tribunal como condición para disfrutar los beneficios de la sentencia suspendida, ello de conformidad con lo dispuesto en el Artículo 13 de la Ley Orgánica de la Administración de Corrección, según enmendada.

## II

Como bien se ha expresado, la sentencia suspendida es una alternativa beneficiosa en casos apropiados, tanto para el convicto como para la sociedad. Por un lado *"evita los efectos negativos en el individuo que la reclusión tan frecuentemente produce, minimiza el impacto de la reclusión sobre los dependientes y familiares del convicto, preserva la libertad del delincuente sin sacrificar el interés social en la prevención y corrección del crimen y promueve afirmativamente la rehabilitación del delincuente al permitirle mantener contactos sociales normales pero condicionados en la comunidad".* Por otro lado y desde el punto de vista del Estado, *"[permite] que el individuo beneficiado por la misma se sostenga a sí mismo, representando ello una economía sustancial ya que el tratamiento en libertad a prueba resulta menos costoso que mantener a la persona recluida en una institución penal. Pueblo v. Vega Pérez, ___ D.P.R. ___, (1990) 90 J.T.S. 10, pág. 7351. Como bien lo expresan Neil P. Cohen y James J. Golbert, Profesores de Derecho de la Universidad de Tennessee, al comentar en torno a la imposición de un período de reclusión como condición para una sentencia suspendida.*▮

*"[The imposition of a jail term] adds several rehabilitative functions. Its imposition*

*demonstrates to offenders the seriousness of their conduct and gives them time to reflect on their misdeeds. It also provides exposure to what lies ahead if they do not change their behavior, thereby serving as an individual or special deterrent.*

*[...].*

*[...]. This condition would also indicate to the offender and the public the seriousness of the offense. Yet, because of its short duration, a carefully structured jail term requirement would let the probationer escape some of the personal and family hardships accompanying more lengthy periods of incarceration. [...]. Finally, a short term in jail followed by probation is less expensive to the government than a longer period of incarceration."*

Lo antes indicado a su vez es cónsono con lo dispuesto en el Artículo 60 del Código Penal, 33 L.P.R.A., sec. 3284, que reconoce que entre *"[los] objetivos generales que informan la imposición de la pena"* se encuentra el castigo justo al autor del delito, la consideración de la naturaleza disuasiva de la pena y la rehabilitación moral y social del autor. Podemos así afirmar que en casos apropiados la consecución de tal finalidad puede justificar la imposición de un período de reclusión como condición previa al disfrute de los beneficios de una sentencia suspendida.

Por otro lado, apropiado resulta aquí señalar que la decisión o determinación de conceder o denegar los beneficios de una sentencia suspendida a un convicto de delito que *prima facie* cualifica para recibir tales beneficios cae dentro de la discreción del tribunal sentenciador, teniendo la denegatoria la presunción de ser justa y correcta. *Pueblo v. Pérez Bernard,* 99 D.P.R. 834 (1971). Tampoco obliga al juez sentenciador la recomendación favorable o desfavorable hecha por los oficiales probatorios sobre la concesión o no de una sentencia suspendida, *Pueblo v. Martínez Rivera,* 99 D P.R. 568, 575 (1971); *Pueblo v. Vales Avilés,* 96 D.P.R. 246 (1968), ni el hecho de que el peticionario carezca de antecedentes penales. *Pueblo v. Luciano,* 77 D.P.R. 597, 601 (1954).

### III

Dirigiendo nuestra atención ahora a los fundamentos de impugnación aducidos en el recurso de epígrafe, argumenta la peticionaria en el primer señalamiento de error que la sentencia de reclusión impuesta en ambos casos no fue ordenada como parte de las condiciones para conceder la sentencia probatoria, sino como una pena *"independiente",* que requeriría para su aplicación la existencia de una disposición estatutaria que faculte expresamente al tribunal para imponerla. De este modo, la peticionaria pretende distinguir dicha *"pena"* de la sentencia fraccionada o mixta, adoptada y autorizada por nuestro Tribunal Supremo en *Pueblo v. Vega Pérez, supra.* Una evaluación de los términos de la sentencia impuesta por el tribunal de instancia refleja que a la peticionaria no le asiste la razón. Basta con señalar que en *Vega Pérez* el Tribunal Supremo, interpretando el lenguaje abarcador de la sección 2 de la Ley de Sentencias Suspendidas■ expresó lo siguiente:

*"Somos del criterio que los términos, generales y amplios, en que está fraseada la transcrita disposición legal, constituyen **base estatutaria suficiente** para sostener la facultad de los tribunales de instancia para ordenar, como condición de una sentencia suspendida, la reclusión del convicto-probando en una institución penal durante parte del término total de la sentencia suspendida impuesta. La adopción de la posición contraria [...] **colocaría a nuestros jueces en la disyuntiva inaceptable de tener que escoger entre la suspensión de la totalidad de la sentencia a un convicto que consideran podría beneficiarse de un breve período de. reclusión o en la de ordenar su encarcelación, por el término total de la sentencia impuesta, a pesar de entender que ello no es necesario para lograr su rehabilitación." Pueblo v. Vega Pérez, supra,* a la pág. 7353. (Enfasis en el original)■

Al examinar la situación particular del caso de epígrafe a la luz del contexto doctrinal antes expuesto, evidente resulta que el término de reclusión ordenado por el tribunal fue impuesto en el ejercicio de su sana discreción con la finalidad de alcanzar los objetivos que informan la imposición de la pena (castigo justo, naturaleza disuasiva de la pena y rehabilitación social y moral de los autores del delito). Según ya indicado, tal ejercicio de discreción es compatible con los propósitos de la pena enunciados en el Artículo 60 del Código Penal de Puerto Rico, limitándose el tribunal a descargar su obligación de ponderar e individualizar la situación particular del convicto para imponer las condiciones pertinentes y necesarias que en su opinión la situación particular ante su consideración requiere y amerita. En este sentido, concurrimos con la posición del Procurador General al expresar que:

*"[s]i bien la condición específica que dispone el término de reclusión por un año aparece antes de las condiciones generales de la sentencia suspendida, ello no quiere decir que la primera no sea una condición de la sentencia. Las condiciones generales de la sentencia se establecen a tenor con la Ley 248, supra, y están especialmente diseñadas para aquellos que se encuentran disfrutando en libertad del privilegio que le otorga la ley. Es por ello que la condición especial sobre reclusión por un término específico no puede estar mezclada con las condiciones generales."* ■

Tampoco le asiste la razón a la peticionaria en lo que respecta al segundo señalamiento de error imputado, en el que alega en síntesis que en el caso de epígrafe no se justificaba la imposición de una sentencia fraccionada toda vez que el informe rendido por el oficial de libertad a prueba fue uno favorable y la conducta por la cual fue convicto, aunque antijurídica, no representa *"riesgo para la comunidad que amerite su reclusión"* al no tratarse de delitos de violencia. Nuevamente pierde de perspectiva la peticionaria los propósitos de la pena y la amplia discreción del tribunal en la concesión o denegatoria de los beneficios de una sentencia suspendida a un convicto de delito que *prima facie* cualifica para recibir tal privilegio■ *Pueblo v. Rivera*, ___ D.P.R. ___ (1994), **94 J.T.S. 50**, a la pág. 511; *Vázquez v. Caraballo*, 114 D.P.R. 272 (1983). Como bien ya expresamos, tal determinación goza de una presunción de ser justa y correcta, *Pueblo v. Pérez Bernard, supra; Pueblo v. Acosta Torres;* 92 D.P.R. 887 (1965); *Pueblo v. Feliciano,* 67 D.P.R. 247 (1947), y una escueta alegación a los efectos de que el informe de los oficiales de libertad a prueba fue favorable no es suficiente para rebatir tal presunción de corrección a favor del dictamen recurrido. Independientemente de lo antes indicado, la naturaleza de los delitos imputados y las circunstancias en que se cometieron los actos delictivos que culminaron con la alegación de culpabilidad y la sentencia que es ahora objeto de impugnación, obliga a concluir que no nos encontramos frente a una actuación arbitraria por parte del juez sentenciador al ordenar la reclusión del convicto por un año como parte de la sentencia y condición para poder luego disfrutar los beneficios de la sentencia suspendida. Basta con señalar que en el ámbito judicial, *"discreción"* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción, habiendo expresado el Tribunal Supremo que *"el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad. [...D]iscreción [...] es, pues, una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera...". Pueblo v. Ortega Santiago,* ___ D.P.R. ___ (1990)**, 90 J.T.S. 12**, a la pág. 7375. De otro lado, un tribunal incurre en abuso de discreción cuando llega a una conclusión basándose en hechos irrelevantes y descartando los hechos materiales e importantes. *Id.* En todo caso, las sentencias impuestas en el presente caso deben evaluarse en el contexto de los efectos nocivos, tanto sociales como económicos, que conducta como la desplegada por el convicto en este caso ocasionan a nuestro sistema de gobierno. Como bien expresara el Juez Asociado Negrón García en su voto particular en *Autoridad de Energía Eléctrica v. Partido Nuevo Progresista,* **91 J.T.S. 42**, a la pág. 8554:

*"La corrupción y el desembolso indebido o ilegal de fondos públicos --en sus formas*

*múltiples, a veces burdas y otras sofisticadas-- son actos incompatibles con el sistema de gobierno democrático consagrado en nuestra Constitución y apuntalado en el respeto a la dignidad humana y los dineros del pueblo, como único soberano. No importa las modalidades que adopten, ni la jerarquía del funcionario envuelto, las mismas son intolerables. En última instancia, quien verdaderamente se perjudica, no sólo en lo económico sino en lo moral, es la ciudadanía en general independientemente de su afiliación política. Es pues, obligación de los tribunales reivindicar esos valores fundamentales."*

En lo que respecta al señalamiento de error número 4, en el que señala que la pena de reclusión impuesta es discriminatoria y contraria a la igual protección de las leyes porque a las co-acusadas les fue concedida la probatoria sin un período de reclusión como condición, es a todas luces frívolo e inmeritorio. Con respecto a este señalamiento basta con reiterar que el juez sentenciador tiene amplia discreción para individualizar cada caso, imponiendo las condiciones pertinentes y necesarias que en su opinión la situación particular ante su consideración requiere y amerita. *Pueblo v. Vega Pérez, supra,* a la pág. 7352.

## IV

Examinando ahora el señalamiento de error dirigido a cuestionar el pronunciamiento del tribunal de instancia disponiendo que la pena de reclusión impuesta debía ser cumplida en año natural, resolvemos que el tribunal de instancia incidió al así ordenarlo.

La Ley Orgánica de la Administración de Corrección, Ley Núm. 116 de 22 de julio de 1974, según enmendada, regula lo relativo al abono de términos a las sentencias ganados por el convicto al observar buena conducta, realizar estudios y/o servicios a la comunidad. Específicamente, el Artículo 16 de la Ley, 4 L.P.R.A. sec. 1161, dispone lo siguiente:

*"Toda persona sentenciada a cumplir término de reclusión en cualquier institución o que esté disfrutando de un permiso concedido a tenor con lo dispuesto en este Capítulo o que se encuentre recluida en cualquier entidad gubernamental o privada como parte de un programa de rehabilitación o disfrutando de libertad bajo palabra, que observare buena conducta o asiduidad, tendrá derecho a las siguientes rebajas del término de su sentencia, las cuales se computarán desde su admisión a la institución de que se trate o desde que se concede la libertad bajo palabra:*

*(a) Por una sentencia que no excediere de quince (15) años, doce (12) días en cada mes; o*

*(b) Por una sentencia de quince (15) años o más, trece (13) días por cada mes.*

*Dicha rebaja se hará por el mes natural y si la sentencia contuviere una fracción de mes, bien al principio o al fin de dicha sentencia, se le abonarán dos (2) días por cada cinco (5) días o parte de los mismos, contenidos en dicha fracción.*

*[...].*

***Se excluye de los abonos que establece esta sección** toda convicción que apareje pena de reclusión de noventa y nueve años, toda convicción que haya dado lugar a una determinación de reincidencia agravada o de reincidencia habitual conforme establecen los incisos (b) y (c) de la sección 3302 del Título 33, la convicción impuesta en defecto del pago de una multa o aquella **que deba cumplirse en años naturales**."* 4 L.P.R.A. 61161. (Subrayado nuestro).

De una lectura de la disposición estatutaria antes citada se desprende que mediante ésta se establece una regla general, en virtud de la cual se confiere a los convictos el derecho a recibir bonificaciones por buena conducta y asiduidad, las cuales varían dependiendo de la

duración de la condena impuesta.█ Establece a su vez, varias excepciones a la norma general sobre bonificaciones por buena conducta y asiduidad. Quedan así excluidos taxativamente: (1) **toda convicción** que apareje pena de reclusión de noventa y nueve (99) años; (2) **toda convicción** que haya dado lugar a una determinación de reincidencia agravada o de reincidencia habitual; (3) **la convicción** impuesta en defecto del pago de una multa; y (4) **aquella** que deba cumplirse en años naturales.

Dirigiendo nuestra atención a la situación particular de los casos que nos ocupan, observamos que **las convicciones** que dieron base a las sentencias que son ahora objeto de impugnación, no están comprendidas entre las situaciones que por expresa disposición de ley quedaron excluidas de recibir dichas bonificaciones. Siendo ello así, ninguna autoridad o discreción tenía el tribunal de instancia para privar al Sr. Navarro Suárez de los beneficios de las bonificaciones dispuestas por el Artículo 16 de la Ley Núm. 116, *supra*, durante el año de reclusión que le fue impuesto como condición para disfrutar de los beneficios de la sentencia suspendida. Implícito en nuestro dictamen está que ningún tribunal tiene autoridad ni discreción para imponer una pena a ser cumplida en años naturales, ni para privar a un confinado de su derecho a recibir bonificaciones o rebajas del término de su sentencia, si la ley, al tipificar la conducta delictiva por la cual fue declarado convicto, no establece previamente que la sentencia ha de cumplirse en años naturales, ni excluye expresamente las bonificaciones como parte de la pena para el delito en cuestión. Una interpretación contraria sería incompatible con el principio de legalidad que informa nuestro ordenamiento penal, que prohibe que se inste acción penal contra persona alguna por un hecho que no esté expresamente definido por la ley como delito, así como que se impongan penas o medidas de seguridad que la ley no hubiese previamente establecido. Art. 8 Código Penal, 33 L.P.R.A. sec. 3031.

Fortalece también nuestro criterio, lo resuelto por el Tribunal Supremo en *Vega Pérez, supra,* a la pág. 7353, donde se expresó que el tiempo durante el cual un probando sea recluido como condición para obtener una sentencia suspendida *"no podrá exceder de un año"*, con conocimiento dicho alto foro al así expresarse de los beneficios por buena conducta y asiduidad que dicha Ley Núm. 116, *supra*, confiere a los convictos. Obviamente ninguna razón encontramos por la cual debamos privar a un probando de tales beneficios si, como ocurre en este caso, los delitos por los cuales resultaron convictos no se encuentran entre los exceptuados por el legislador para recibir las bonificaciones. Ello a su vez es cónsono con la norma jurisprudencial que dicta que si el lenguaje de los estatutos fijando rebajas en las sentencias de confinados fuere susceptible de dos interpretaciones, debe adoptarse la interpretación más favorable al preso. *Hernández v. Saldaña,* 60 D.P.R. 308, 312 (1942).

Debemos aquí señalar por último que no podemos concurrir con la argumentación del Procurador General en el sentido de que *"el año natural de reclusión se refiere a una condición de la sentencia, no es la sentencia en si [sic]"*. █ Tal argumento se predica en el sofisma de que la condición de reclusión no forma parte de la sentencia, razonamiento a todas luces erróneo. Basta con señalar que la propia Ley de Sentencias Suspendidas dispone en su sección 4, 34 L.P.R.A. sec. 1039, que *"[e]l tiempo que hubiere permanecido privada de su libertad cualquier persona en cumplimiento de una sentencia que fuere posteriormente suspendida será totalmente descontado del término de prisión que deba cumplir dicha persona en caso de que tuviere que reanudar el cumplimiento de dicha sentencia."*

Concluimos, por los fundamentos antes expuestos, que el tribunal de instancia no tenía discreción alguna para privar al convicto Navarro Suárez de las bonificaciones por asiduidad y buena conducta dispuestos en el Artículo 16 de la Ley Núm. 116, *supra*.

Por los fundamentos anteriormente expuestos, se expide el auto solicitado para dictar sentencia modificatoria de las recurridas para reconocer el derecho del sentenciado a recibir

bonificaciones por buena conducta y asiduidad, de conformidad con lo dispuesto en el Artículo 13 de la Ley Orgánica de la Administración de Corrección según enmendada, 4 L.P.R.A. sec. 1161. Así modificadas, se confirman las sentencias fraccionadas que son objeto de impugnación mediante el recurso instado en el caso de epígrafe.

El Juez Aponte Jiménez emitió voto disidente.

Lo acuerda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 125

**1.** La peticionaria presentó Petición de *Hábeas Corpus* ante el Tribunal Supremo de Puerto Rico, quien consideró el recurso como uno de *certiorari* y lo refirió a este Tribunal para la consideración de los méritos del mismo.

**2.** Véase Minuta correspondiente a la vista efectuada el 14 de noviembre de 1994, Apéndice de la petición de *Certiorari*, Exhibit I, pág. 1.

**3.** En ocasión de dicha vista el tribunal le impartió también su aprobación a la alegación pre-acordada convenida con los otros co-acusados, autorizando así enmiendas a las acusaciones radicadas contra el acusado Luis González Rodríguez para rebajar los sesenta y un (61) cargos imputados por infracción al Artículo 166(a) del Código Penal a tentativa de infracción al Artículo 166(b) del Código Penal (apropiación ilegal de bienes con valor mayor de $200.00), y la acusación por infracción al Artículo a una violación al Artículo 258 del Código Penal (Resistencia u Obstrucción a la Autoridad Pública), menos grave. En lo que respecta a la pena a ser impuesta a dicho acusado, acordaron las partes que ésta quedaría a discreción del tribunal. Igual enmienda a los pliegos acusatorios se autorizó en cuanto a las co-acusadas Elba Bermúdez y Laura Gallardo sin recomendación de pena. En el caso de la Sra. Gallardo, se autorizó también una enmienda para rebajar el delito imputado de infracción al Artículo 225 del Código Penal a infracción al Artículo 258 (menos grave) del Código. Como parte del acuerdo los acusados Navarro, González y Bermúdez se obligaron también a restituir la suma de $38,069.29.

**4.** *The Law of Probation and Parole,* McGraw-Hill, Colorado Springs (1981), pág. 240-241.

**5.** Dicha disposición establece que:

*"Durante el término de cualquier sentencia que haya sido suspendida, el acusado quedará sujeto a la autoridad del tribunal en que se impuso la sentencia, **y el juez de dicho tribunal tendrá facultades para prescribir las condiciones para la suspensión de la sentencia,** y, cuando esté convencido de la mala conducta del acusado, ordenar su arresto por el tiempo que falta para terminar su sentencia."*

[...]. 34 L.P.R.A. §1031. (Subrayado nuestro).

**6.** A estos mismos efectos, véase también *United States v. Hooper,* 564 F. d 217 (1977).

**7.** Véase pág. 7 del *"Escrito en Cumplimiento de Orden"* sometido por el Procurador General.

**8.** En repetidas ocasiones el Tribunal Supremo ha expresado que el disfrute de una sentencia suspendida en un privilegio, no un derecho. *Pueblo v. Alvarez Maurás,* 100 D.P.R. 620 (1972); *Pueblo v. Llanos Virella,* 97 D.P.R. 95 (1969).

**9.** Este derecho también se reconoce y concede en el artículo 1 del Reglamento sobre Bonificación por Buena Conducta y Asiduidad Observada por los Confinados en las Instituciones Penales, aprobado por la Administración de Corrección el 5 de noviembre de 1974.

## VOTO DISIDENTE DEL JUEZ DE
## APELACIONES SR. APONTE JIMENEZ — 95 DTA 125

Disiento de la decisión de mis compañeros de Panel únicamente en lo referente a confirmar el dictamen del foro de instancia que impone a los apelantes un año de reclusión.

El apelante, Luis González Rodríguez, formuló alegación de culpable por sesenta y un (61) cargos de infracción al Art. 166(B) del Código Penal en grado de tentativa --apropiación ilegal-- 33 L.P.R.A. Sec. 4272(b), y un (1) cargo de infracción al Art. 258 --resistencia u obstrucción a la autoridad pública-- 33 L.P.R.A. Sec. 4483. Le fueron impuestos un total de quince (15) años de reclusión para ser cumplidos concurrentemente. El otro apelante, Edgardo Navarro Suárez, hizo alegación de culpabilidad en sesenta y dos (62) cargos de infracción al Art. 165 del Código Penal --apropiación ilegal-- 33 L.P.R.A, Sec.4271. Se le impuso un total de siete (7) años de reclusión. Otras dos imputadas también hicieron alegación de culpabilidad por similares delitos. Todo ello como resultado de un pre-acuerdo entre imputados y el fiscal.

En cuanto a los apelantes González Rodríguez y Navarro Suárez, el foro de instancia ordenó su reclusión por un *"año natural"*. ▓ El resto de la condena se dispuso que sería cumplida bajo un régimen de libertad a prueba. A las otras dos convictas, a quienes le imputaron los mismos delitos, se les concedió los beneficios de una sentencia suspendida sin término de reclusión. De los $38,069.29 que el tribunal ordenó a los apelantes y a una de las imputadas restituir, al momento de dictarse sentencia a todos quedaban pendiente $3,012,20. No surge de los autos que el pre-acuerdo sostenido entre los apelantes y el Ministerio Público estuviese condicionado a que éstos cumplieran un término recluidos. Tengo que presumir que no fue así.

Los apelantes no han sido convictos anteriormente. El informe pre-sentencia rendido por los sociopenales a cargo de la investigación correspondiente fue favorable. Recomienda que se conceda a todos los convictos los beneficios de una sentencia suspendida. No acredita ni evidencia que exista un problema de carácter, conducta o estilo de vida en los apelantes que requiera, justifique y amerite la reclusión como medida para lograr su rehabilitación, aunque sea por un año.

El Procurador General en su comparecencia ante nos, no desmiente ni refuta esas aseveraciones.

Inconformes con la sentencia dictada en cuanto a que ordenó su reclusión por el término de un año y dispuso que ese año de reclusión sería cumplido como año natural sin bonificación alguna, el apelante Navarro Suárez acudió ante el Tribunal Supremo mediante recurso de *Hábeas Corpus*. Luis González Rodríguez hizo lo mismo pero ante este Foro.

Examinados los recursos ante nos luego de emitida resolución por el Tribunal Supremo en el caso de Navarro y Suárez disponiendo que lo atendiésemos, concedimos término al Procurador General para que compareciera en ambos casos exponer su posición en torno a lo solicitado. Así lo hizo.

Su escrito no me ilustra. Se limita a sostener la naturaleza discrecional de la decisión de instancia. Señala que la rehabilitación de un convicto como principio rector ha cedido y ésta relegada a un plano inferior en comparación con la reclusión como medida de disuación y

mecanismo para enviar mensajes persuasivos *"a otros empleados y funcionarios públicos"*. Que igualmente la gravedad de los hechos imputados justifica la actuación de la instruida sala sentenciadora que le impuso a los apelantes un año de reclusión a ambos como parte de la sentencia fraccionada dictada. No alude a circunstancia alguna que sostenga la determinación de instancia. Tampoco pone en tela de juicio las específicas afirmaciones de los apelantes que sirven de apoyo para imputar un abuso de discreción.

Debo partir de la premisa que aún, tal y como reiteradamente se ha sostenido, el espíritu que guía la ley al brindar a un convicto el privilegio de excluir la reclusión y permitirle gozar de los beneficios de una sentencia suspendida es lograr su rehabilitación. Admito que el ejercicio de esa facultad debe responder a una sana discreción judicial y que para brindarle la debida flexibilidad a esa facultad la discreción judicial debe siempre acompañarla.

Igualmente reconozco que los señores jueces de instancia gozan de una amplia discreción para exigir al convicto condiciones que razonablemente se justifique imponerle incluyendo, en casos apropiados, la reclusión de parte de la sentencia dictada para lograr el propósito que la ley persigue, i.e., la rehabilitación. Asímismo, estoy conforme con los otros dos miembros de este Panel en cuanto a que por el hecho de no tener los apelantes antecedentes penales y que exista un informe favorable rendido por el oficial sociopenal no debe, por sí sólo , ser suficiente para que se les concedan los beneficios de una sentencia suspendida sin término de reclusión.

No obstante, con lo que no puedo concurrir es en consagrar y darle inmunidad de error a las actuaciones de los jueces de instancia bajo las circunstancias presentes al denegar los beneficios de una sentencia suspendida o al imponer a un convicto que cumpla ingresado parte de la sentencia dictada, como en este caso, cuando estoy ajeno y desconozco totalmente los criterios subjetivos aplicados y los factores considerados y evaluados no sólo para ejercer razonablemente esa discreción sino para individualizarla. Tampoco puedo coincidir con que para ejercer esa discreción sea punto de apoyo inexorable que la concesión de una probatoria es un privilegio y no un derecho.

Siendo el propósito primario de la Ley de Sentencia Suspendida, en términos de excluir la reclusión de un convicto, el brindarle la oportunidad de rehabilitarse sin necesidad de recluirlo, no podemos perder de vista que también tiene como propósito básico lograr que se integre a vivir una vida productiva, sin sacrificar el bienestar social, bajo un régimen disciplinario que reajuste aquellos aspectos que para rehabilitarse necesita superar. *Pueblo v. Vega Pérez,* **90 J.T.S. 10**. De todos es conocido que nuestras instituciones penales desafortunadamente no constituyen fuente primaria para lograr la rehabilitación de un convicto.

Por otro lado, entiendo que para denegar o conceder la probatoria u ordenar la reclusión en cuanto a una parte de la pena impuesta, la prerrogativa del juez debe estar precedida de una ponderada reflexión de todos los elementos ante sí tomando en consideración lo que para mí constituye el fin esencial que inspira la ley; la rehabilitación del convicto. Para la consecución de ese fin el tribunal debe, entre otros, conocer si éste es uno de los determinados casos donde existe un rasgo en el carácter o personalidad del convicto, o en los aspectos de su vida y conducta pasada, que requieran la reclusión como medida congruente para lograr su rehabilitación o, en casos apropiados, igualmente para proteger la sociedad.

Ahora bien, ausente el factor de protección de la sociedad, nuestra función como integrantes de este Foro apelativo nos exige, ante alegaciones de una y otra parte como las que nos ocupan, examinar el expediente del caso incluyendo el informe rendido por el sociopenal y las declaraciones aportadas durante la investigación incluidas en el informe.

Así lo hemos hecho. Al revisar el informe rendido ello nos coloca en la misma posición que el tribunal sentenciador para evaluar y determinar si su decisión fue o no un abuso de discreción atendidas todas las circunstancias presentes. También nos brinda la oportunidad de poder apreciar si la reclusión ordenada va razonablemente dirigida hacia la rehabilitación del convicto.

Exponer estos criterios no significa que me olvido de la norma consistente en que la denegatoria de conceder los beneficios de una sentencia suspendida tiene la *"presunción de ser justa y correcta"*, enunciada por el Tribunal Supremo en *Pérez v. Bernard,* 99 D.P.R. 834 (1971). Tampoco soy de los que con una mera alegación de abuso de discreción van a mover la mía. Pero ante hechos como los que nos ocupan consistente en un récord huérfano de los elementos y factores considerados para la reclusión en dos casos y en otros dos no, sin yo saber por qué, habiendo mediado una aceptación de culpa de los apelantes, conociendo la recomendación favorable contenida en el informe rendido por la oficial sociopenal que practicó la investigación correspondiente unido a la ausencia de elementos en los autos y en el informe rendido que justifiquen la reclusión de los convictos como medida rehabilitadora, me niego, en ausencia de claros precedentes, a darle sello de finalidad absoluta al dictamen recurrido y adoptarlo incondicionalmente como un ejercicio de discreción dirigido razonablemente a la rehabilitación de los apelantes.

La razón que se brinda para justificar la reclusión de los apelantes por un año consistente en que con ello se sirve un propósito disuasivo, no me persuade. Los términos de la sentencia dictada no son cortos. En un caso es de siete (7) años y en el otro de quince (15). No se trata aquí de términos cortos de sentencia suspendida que podría argumentarse que no tienen el impacto correctivo necesario para percatar al convicto sobre la severidad de su ofensa. A mi juicio siete (7) años por un lado y quince (15) por otro bajo la supervisión requerida podría ser suficiente tiempo, bajo condiciones normales, para que los convictos rectifiquen sobre su error. Además existen otras condiciones y medidas que sirven igual propósito disuasivo. Es todo cuestión de explorarlas y armonizarlas con el espíritu que persigue la ley, todo ello sin descartar la reclusión de ser razonablemente necesaria y estar justificada como medida dirigida a lograr la rehabilitación del convicto. La expectativa de que en cualquier momento se puede revocar el privilegio concedido a un convicto también abunda sobre lo anterior.

Tampoco me persuade el argumento de que la reclusión se justifica como corolario de la pena conforme la definición que de ella nos brinda el Código Penal. Bajo esa óptica resulta la pena incompatible con el propósito que persigue la filosofía tras el criterio de declinar la reclusión de un convicto como opción en términos de lograr, en casos apropiados, su rehabilitación.

Por los motivos que anteceden desconociendo el criterio rector que movió al foro de instancia a ordenar la reclusión de los apelantes por un año y ante la ausencia de circunstancias que señalen la existencia de factores que acrediten la necesidad de ingresar a los apelantes por un término como medida para lograr su rehabilitación, y considerando los otros factores presentes como lo son la aceptación de culpa de los apelantes y la existencia de un informe favorable que no indica que existen rasgos de personalidad o conducta, ni sistemas de vida que ameriten la reclusión unido a que bajo las mismas circunstancias a dos convictas no se le impone término de reclusión alguno, revocaría la sentencia dictada en la parte que ésta ordena que los apelantes cumplan un año de la pena impuesta recluidos en prisión.

**JOSE M. APONTE JIMENEZ**
**JUEZ DE APELACIONES**

**ESCOLIO VOTO DISIDENTE DEL JUEZ DE**
**APELACIONES SR. APONTE JIMENEZ — 95 DTA 125**

**1.** Referente al apelante, Luis González Rodríguez, la sala sentenciadora redujo el término de reclusión de un (1) año a tres (3) meses mediante resolución dictada el 5 de junio de 1995 estando pendiente y ante nuestra consideración el recurso de *Hábeas Corpus* instado en el caso de este Foro número KLRX-95-00009.
lo han hecho.